## Edward M. Smith *v.* Chester W. Harvey, Appellant.

*Evidence—Rules as to admission of parol evidence to vary contract.*

Parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation though it may vary or change the terms of the writing. The existence of a contemporaneous parol agreement under the influence of which a contract is signed, may always be shown when the enforcement of the paper is attempted in disregard of the parol stipulation.

*Evidence—Parol evidence to vary written contract.*

While a written agreement cannot be set aside on the testimony of one party when contradicted by the testimony of the other party, yet where there are corroborating circumstances, or circumstances from which inferences may be drawn corroborative of the contemporaneous parol agreement, the question should be submitted to the jury.

*Question for jury—Parol evidence to vary contract.*

The question is for the jury where, in an action on a lease, the defendant's evidence as to a contemporaneous parol agreement, which had not been observed by the lessor, is clear and positive, and which is corroborated in some of its leading aspects.

Argued Oct. 13, 1896. Appeal, No. 76, Nov. T., 1896, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 195, on verdict for plaintiff. Before RICE, P. J., WILLARD, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit to recover rent.

The action was to recover the sum of $208.33, with interest, being the amount of five months' rent, reserved by a lease of premises in Delaware county.

The defense was that after defendant moved into the house the water supply was found insufficient and defendant's testimony, which was contradicted by the plaintiff, tended to show that at the time the lease was prepared defendant refused to sign it on the ground that there was no provision as to the certainty of the water supply, upon which plaintiff's agent said: "We will consider it the same as though it were in there, and I promise you that any shortage of water will be remedied at once." The surety had also refused to sign it until this agreement in substance was repeated to him. Plaintiff did, upon complaint, procure a new wind mill, but even after that there was not a sufficient supply of water.

The facts as to the sufficiency of water and the conversation which took place at the time of the lease more fully appear in the opinion of the court.

Verdict and judgment for plaintiff for $225.90. Defendant appealed.

*Errors assigned:* The several assignments of error raise but one question: Was the testimony in support of the alleged parol contract for the supply of water on the demised premises sufficient to require its submission to the jury?

*Lewis D. Vail,* for appellant.—A verbal promise by one of the parties at the making of a written contract, if it was used to obtain the execution of the writing, may be given in evidence: Graver v. Scott, 80 Pa. 88; Coal Co. v. McShain, 75 Pa. 238; Johnson v. Blair, 126 Pa. 426; Ferguson v. Rafferty, 128 Pa. 337.

While the evidence to contradict a written instrument must be clear, precise and indubitable, the rule does not require

that there must be no opposing testimony: Glass Co. v. Storms, 125 Pa. 268; Walker v. France, 112 Pa. 203.

The evidence of members of the same firm or of joint parties having a community of interest are treated as that of two different persons: Pyroleum Co. v. Hardware Co., 169 Pa. 440.

Where the landlord has agreed to repair the demised premises and does not do so, the tenant many abandon the premises or rescind the contract, or deduct the damages from the rent: Prescott v. Otterstater, 85 Pa. 534; Bissell v. Lloyd, 100 Ill. 214; Kiernan v. Germain, 61 Miss. 498.

*A. Lewis Smith,* for appellee.—It does not appear from the testimony that defendant would not have signed the lease without this alleged promise of plaintiff's agent, except upon the defendant's own assertion to that effect. This is clearly not competent proof. Motive cannot be proved in that way: Thomas v. Loose, 114 Pa. 35.

The evidence relied upon to vary the written contract is not clear, precise and indubitable as required by Irvin v. Irvin, 142 Pa. 271; Wodock v. Robinson, 148 Pa. 503.

The remedy of the tenant in this case is not to withhold the rent, but only the actual damage sustained, and that he must prove: Wood v. Sharpless, 174 Pa. 588; Prescott v. Otterstatter, 85 Pa. 534; Cosgrave v. Hammill, 173 Pa. 207.

This case is very similar to Eberle v. Bonafon, 17 W. N. C. 335.

OPINION BY SMITH, J., April 12, 1897:

The several assignments of error in this case raise but one question: Was the testimony in support of the alleged parol contract for the supply of water on the demised premises sufficient to require its submission to the jury?

This suit was brought to recover rent for a tenement demised to the appellant, and which he alleges the subtenant was obliged to vacate during the term, because of the insufficiency of the water supply. On the trial in the court below the defendant and other witnesses testified that there was not enough water on the premises for ordinary household purposes, and the defendant contended that the plaintiff's agent agreed verbally, at the time of the execution of the lease, to furnish sufficient water

during the term. The court below ruled that there was not sufficient evidence to establish this alleged agreement, and directed the jury to render a verdict for the plaintiff for the whole amount of his claim.

The defendant testified as to this alleged verbal agreement as follows : " In looking it [the lease] over, I discovered that nothing was said about the water supply, and the lease was to be conditional upon our having plenty of water, and I objected to signing it, I took it up to Dr. Palen, and he objected, and Mr. Shaffner [the plaintiff's authorized agent] said : ' We will consider it the same as though it was in there, and I promise you that any shortage of water will be remedied at once.' Under the supposition that we were dealing with honest gentlemen, and that it was the same as though written in the lease, I signed it, and I would have refused to have signed it otherwise." Question : " Did you sign it under that agreement ? " Answer : " Yes, sir." Question : " You signed it upon that statement ? " Answer : " Yes, sir." Doctor Palen, who signed the lease as surety for the lessee, testifies as to this parol stipulation as follows : " I went down to sign the lease, and I said to Dr. Harvey [in presence of Mr. Shaffner] 'Is there nothing in about the water ? ' He said 'No, but they say it is all right.' I said to Mr. Shaffner, ' Was there anything the matter with the water ? ' and I did not wish to sign the lease unless that would be all right; and he looked at me and said : ' We are all honorable men, and if there is any lack of water it shall be remedied at once.' And under these circumstances we signed the lease."

The testimony of Shaffner is in denial of the contemporaneous parol agreement alleged by the defendant. On the other hand it will be seen that, as to the existence of the parol agreement, the testimony of the defendant was clear and positive. He testifies that Shaffner said : " We will consider it the same as though it was in there, and I promise you that any shortage of water shall be remedied at once." Dr. Palen testified that when he objected to signing the lease unless the water " would be all right," Shaffner said, " We are all honorable men, and if there is any lack of water it shall be remedied at once." It does not appear clearly whether the witnesses described these declarations as having been made at the same time or at different times ; but as

Harvey says "I took it up to Dr. Palen," etc., while Palen says: "I went down to sign the lease," etc., there would seem to have been two occasions, on one of which Shaffner is represented as making the promise to Harvey, and on the other to Palen. The statement imputed by Harvey to Shaffner, that "we will consider it the same as if it was in there," is omitted by Palen; which further indicates two conversations. An agreement, however, that the instrument shall be considered as if the omitted provisions, orally agreed on, had been inserted, the law will imply, if the parol agreement is sufficiently proved. The promise by Shaffner respecting what should be done in the premises, as testified to by Harvey and Palen, was substantially the same to both. They unite in testifying that it was agreed by parol that "any shortage of water," in the one case, and "any lack of water," in the other, "shall be remedied at once," as the inducement to the execution of the lease. There are also circumstances that may, perhaps, be regarded as corroborating the evidence for the defense on this point. It was shown by the plaintiff, in rebuttal, that during the occupancy of the premises by another tenant in 1892, there was plenty of water. Soon after the execution of the lease, however, the plaintiff erected a new windmill at an expense of $175. He subsequently made an examination as to the water supply; later he had water brought to the house from the works of the Springfield Water Company. Whether all this was done because of his recognition of the parol agreement, and to carry it into effect, and it was thus corroborative of the testimony of Harvey and Palen, or for some other reason, was a question proper for submission to the jury.

The testimony of the defendant, though contradicted by Shaffner, was, in connection with the testimony of Palen, and the circumstances following the execution of the lease, sufficient to carry the case to the jury, and it was therefore error for the trial judge to direct a verdict for the plaintiff. While a written agreement cannot be set aside on the testimony of one party when contradicted by the testimony of the other party, yet where there are corroborating circumstances, or circumstances from which inferences may be drawn corroborative of the contemporaneous parol agreement, the question should be submitted to the jury: Stockwell v. Webster, 160 Pa. 473. And

"no principle is better settled than that parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation, though it may vary or change the terms of the writing: " Building Association v. Hetzel, 103 Pa. 507. The existence of a contemporaneous parol agreement, under the influence of which a contract is signed, may always be shown when the enforcement of the paper is attempted in disregard of the parol stipulation: Coal & Iron Co. v. Willing, 180 Pa. 165. And this is so although such oral stipulation was not omitted from the writing through fraud, accident or mistake: Ferguson v. Rafferty, 128 Pa. 337.

The judgment is reversed, and a venire facias de novo is awarded.