# H. G. Lee, for the use of C. C. Walker, Appellant, v. W. M. Sallada.

*Judgment—Opening—Allegations of payment—Evidence.*

On a motion to open a judgment and let defendant into a defense of payment, the same degree of proof is not required as where the judgment note itself is attacked. If there is evidence enough if believed to submit the case to a jury and sustain the verdict when rendered, it would be proper to open the judgment and send the case to the jury.

In the case at bar the sole defense was payment and the evidence chiefly that of the two parties to the note in question. There were, however, circumstances from which inferences properly could be drawn corroborative of the defendant's allegations. *Held,* that the question of payment was properly one for a jury.

*Notice of assignment of bond or judgment note must be given by assignee.*

The law casts upon the assignee of a bond or judgment note the duty of notifying the obligor of the change of ownership in order to protect his rights thereto and prevent an extinguishment of the debt by payment to the obligee.

Argued Feb. 15, 1898. Appeals, No. 5 and 6, Feb. T., 1898, by C. C. Walker, from judgments of C. P. Lycoming County, Sept. T., 1894, Nos. 353 and 354 on verdicts for defendant. Before RICE, P. J., WICKHAM, BEAVER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit. Before METZGER, P. J.

The facts sufficiently appear in the opinion of the court.

Verdicts and judgments for defendant. Plaintiff appealed.

*Errors assigned* were (1) in making absolute the rule to show cause and opening judgments. (2) In instructing the jury as follows: "Now, you heard this last receipt read. It is in evidence, and that was a receipt to the effect that he (Lee) had received this money, and that he would get the notes and return them to Mr. Sallada next week. Mr. Sallada then had the check and the receipts, and he claims he was compelled to take them. That is about the substance of his testimony." (3) In instructing the jury as follows: "On the part

of the plaintiff they call Mr. Lee, or rather his deposition is read here, and it is of the same effect precisely as it would be if he was here present and testified to the same things as he testified before the commissioner. He claims that before this transaction was completed and while it was in process that Mr. Sallada had information that Walker had these notes, and he claims in his testimony which would substantially amount to this: that Mr. Sallada voluntarily took the check and receipt and went away, knowing at the time that he accepted them that Mr. Walker had these notes." (4) In instructing the jury as follows: " Now, did Sallada know when he made that payment before the payment was completed, that this note had been assigned? If he indorsed that check, and if he accepted the four hundred and seventy-six dollar check, which was the difference between the thousand dollar notes and the check of the company, then the payment was completed. Now, did he know either before he indorsed the check of fourteen hundred and seventy-six dollars, or before he accepted the check for the difference, that these notes had been assigned? If he did, he ought to have stopped there and not completed the transaction, because doing so makes him liable to pay it again." (5) In instructing the jury as follows: " Now, then, you have the evidence, and it is for you to figure out from the evidence what this transaction was. When was it that he was first informed that these notes were in the hands of Dr. Walker? Was he informed of that before he accepted the check and the receipt? If he was, and he still did it voluntarily and left, then he is at fault and he must stand the loss. But if he did not know anything about it until the transaction was completed, and did not voluntarily accept the check and receipt, then as a matter of course he should not be bound by that, because he would really not have been derelict in his duty. In that case he would have done all that would have been required of a reasonable man to do. Now, what was the state of affairs then between the parties? Did he know, and did he voluntarily, after he knew that this transfer was made, accept that check and receipt? If he did then your verdict must be for the defendant If he did not know it before he did that, and if he did not voluntarily accept them, than your verdict should be for the plaintiff."

(6) In his answer to the plaintiff's third point, which point and the answer thereto are as follows: " 3. The payment made by Sallada to Lee on July 7th, 1894, was not complete until Sallada had accepted Lee's check for $476, and his receipt reciting that the notes were then in possession of Walker. Sallada had notice of the transfer at the time of the payment. *Answer :* That is the very question we are trying. Therefore, I cannot affirm this point. Otherwise, I would have to take it away from the jury. If it would not be for the last clause I could affirm it, but as to the point as a whole I cannot affirm it, and therefore, refuse it." (7) In his answer to plaintiff's fifth point, which point and the answer of the court thereto are as follows: " 5. Sallada had notice of the transfer of his notes to Walker before he (Sallada) had completed the payment of July 7th, 1894, and therefore the verdict of the jury must be in favor of the plaintiff. *Answer :* This we refuse. Whether he had such notice or not is a question of fact for the jury. As I said before, if you find that before the payment was completed he had this notice, then your verdict would have to be for the plaintiff; but if the payment was completed before he had any notice, then your verdict would have to be for the defendant." (8) In his answer to the sixth point of the plaintiff, which point and the answer thereto are as follows: " 6. That the jury must find for the plaintiff. *Answer :* We cannot so instruct you."

*Max. L. Mitchell,* for appellant.

*N. M. Edwards,* for appellee.

OPINION BY SMITH, J., March 21, 1898 :

The defendant applied to H. G. Lee, the local agent of the Anglo-American Building and Loan Association, for a loan of $1,800. The application was accepted. On June 4, 1894, before the association forwarded the money, Sallada obtained $1,000 from Lee, as a temporary loan, and gave him two judgment notes of $500 each as a security. On July 7, 1894, Lee had the check of the association for $1,476, payable to the order of Sallada, as part of the proposed loan, and at his invitation Sallada called on that day to get the check and the notes.

The check was then indorsed by Sallada and returned to Lee, and the latter thereupon drew his own check for $476, being the difference between the notes and the association's check, and handed it to Sallada, with a receipt for $1,000, as " payment in full" of the notes. This receipt further states that " the notes are now in the hands of Dr. C. C. Walker, and will be gotten by me for delivery to W. M. Sallada next week," and was signed " H. G. Lee, General Agt." Sallada would not consent to this arrangement, but demanded his notes, or a return of the association's check proposing then to pay the notes himself. Lee refused to give back the check, but promised to get the notes from Walker and surrender them. Sallada says he did not know that the notes had been transferred to Walker until after he had paid them to Lee by indorsing and delivering the check for $1,476, and accepting Lee's check for the difference. Lee does not explicitly deny the defendant's allegation on this point, but professes to be unable to say in what order he conducted the transaction. He admits that he did not expect to make the settlement with Sallada without delivering up the notes ; that Sallada had thus paid for them, and that they were not surrendered. From the testimony, it appears that Lee had transferred the notes to Walker on or about the day they were made. It is not pretended that either Walker or Lee or any other person informed Sallada of this transfer before the transaction through which Lee procured payment of them and retained the money. Judgments were entered on the notes to the use of Walker; whereupon a rule was granted to show cause why these judgments should not be opened, and this rule was afterward made absolute.

On the trial the court properly confined the parties to the questions raised by the issue framed in the order making the rule absolute, namely : whether the defendant had paid the notes upon which judgments were entered to H. G. Lee, the obligee, in ignorance of the fact that they had previously been assigned to C. C. Walker. The learned judge charged the jury that " The case hinges entirely upon what took place between Lee and Sallada on the night of July 7. . . . The only question in controversy is whether the notes were paid by Sallada in ignorance of the fact that they had been assigned and were in the possession of and owned by Dr. Walker. . . . If before the payment was made, or was completed between these parties,

Sallada did know that these notes had been transferred and the title passed to Dr. Walker, then his payment to Lee was an improper one, and he would have to pay Walker in this case." The whole tenor of the charge also clearly limited the jury to a consideration of the questions thus indicated; and they found in favor of the defendant.

The appellant complains, first, the court erred in opening the judgments, because the application was supported by the oath of the defendant only, and that this was contradicted by the testimony of Lee, the legal plaintiff. It is true, the rule is well established that a judgment will not be opened on the unsupported testimony of the defendant alleging fraud in the procurement of the note, where this is opposed by the sworn testimony of the plaintiff. This principle has been enforced in many cases. But is the present a case to which this rule applies? There is no denial here of the validity of the notes when given, or the good faith of the transaction in which they were given. The defense set up concedes the rectitude of the transaction and the genuineness of the notes; and relates wholly to a subsequent matter resting in parol, and in no way contradicting the written instruments.

As was said in Bank's Appeal, 124 Pa. 337: "This is not the case of the reformation of an instrument on the ground of fraud, accident or mistake; hence many of the authorities cited on behalf of the appellant do not apply. There was no attack upon the integrity of the judgment. It was merely a question of payment. In such case a chancellor might not require the same measure of proof as in a proceeding to reform the instrument. If, therefore, there was evidence enough to submit to the jury, and to sustain their verdict, it was not error to submit it, and to enter judgment on said verdict. The learned judge, acting as a chancellor, would probably have accepted the verdict had it gone either way."

In that case the application to open, and the subsequent oral testimony in support of it on the trial, was principally that of the defendant himself.

In the present case the sole defense was payment, and the evidence relating to this was the testimony of Lee and of Sallada. The payment of the notes was admitted, and is expressly acknowledged in the receipt. The only question in the case was

whether the defendant had sufficient knowledge of the transfer of the notes before payment to put him on inquiry. The most claimed for the plaintiff was that the payment and the notice of the transfer took place during the transaction, and, therefore, it is argued that notice of the transfer was during and coincident with the payment. Yet there is no real contradiction of the defendant's positive and explicit testimony on this point, since Lee would not say whether the payment or the notice was prior in time. The circumstances are consistent with the defendant's version, and are reasonably corroborative of his testimony.

Under this state of facts the more stringent rule contended for by the plaintiff would not apply so as to preclude a judicial inquiry. " While a written agreement cannot be set aside on the testimony of one party when contradicted by the testimony of the other party, yet where there are corroborating circumstances, or circumstances from which inferences may be drawn corroborative of the contemporaneous parol agreement, the question should be submitted to the jury : " Stockwell v. Webster, 160 Pa. 473; Smith v. Harvey, 4 Pa. Superior Ct. 377. The first specification of error is overruled.

Since the decision in Frantz v. Brown, 1 P. & W. 257, it has been the established law that " the assignee of a bond is bound to inquire into every circumstance that might be set up against payment of any part of the debt, and having failed to do so he stands exactly in the place of the obligee."

And it has also been uniformly held that the law casts upon the assignee of a bond the duty of notifying the obligor of the change of ownership in order to protect his rights thereto and prevent an extinguishment of the debt by payment to the obligee : Bury v. Hartman, 4 S. & R. 175 ; Hodgdon v. Naglee, 5 W. & S. 217. In Gaullagher v. Caldwell, 22 Pa. 300, BLACK, C. J. said: " It is impossible to conceive upon what principle of justice a debtor should be prejudiced by an assignment of which he knows nothing. If the party whose interest and duty it is to give him notice, so that he can regulate his conduct according to his new relations, make it a point to keep him ignorant, he should certainly not be compelled to suffer ; since one man is not to answer for the default of another. Down to the moment of notice, the debtor may do whatever he could legally have done if no assignment has been made. Any con-

tract which he makes with the original creditor by which the debt is extinguished, either in whole or in part, is binding and valid against the assignee." These quotations clearly indicate the correlative rights and duties of the parties to this appeal. The jury have found by their verdict under proper instructions, that the defendant had paid the notes before he had notice of the assignment, and the evidence plainly indicates that he was deceived by Lee, who shrewdly obtained the check for $1,476, duly indorsed by the defendant, before the transfer of the notes was disclosed, and then refused to return it although requested to do so. Had Walker performed his legal duty of giving Sallada notice of the assignment, it is not likely that this payment would have been made to Lee; and whether or not, Walker would have thus entitled himself to recover on the notes. He cannot now cast upon Sallada the penalty for his own default.

The assignment of errors is overruled, and the judgment is affirmed.