## Amsler *v.* McClure, Appellant.

*Contract—Modification—Accord and satisfaction—Statute of limitations.*

1. In a suit upon a contract providing for the payment of royalties to the plaintiff in a certain amount, which contract was later modified by providing for the payment of a smaller sum "until general business improved," where the evidence indicates and the court finds that there was a general improvement of the business after a certain period, plaintiff is entitled to recover the difference between the lesser royalties which she received and the higher royalties which she should have received for all the time succeeding this general improvement and embraced within the statutory period of six years prior to suit, and the fact that plaintiff accepted the lesser royalties from time to time during this period, as specified in accounts rendered to her, does not preclude her from claiming the difference although she accepted checks for the lesser royalties with knowledge of the plaintiff's claim that payments were in full.

*Equity, jurisdiction—Act of June 7, 1907, P. L. 440.*

2. Where a bill in equity is filed asking for discovery, and for a decree requiring defendant to pay plaintiff sums due her on contract, and there is no equitable ground for relief, the court may properly try the case without a jury, as an action at law, under the Act of June 7, 1907, P. L. 440.

Argued Oct. 23, 1912. Appeal, No. 100, Oct. T., 1912, by defendant, from decree of C. P. Allegheny Co., July T., 1911, No. 758, entering judgment for plaintiff in the case of Bertha M. Amsler, surviving executor of the last will and testament of Carl Amsler, v. George W. Mc-Clure. Before FELL, C. J., BROWN, MESTREZAT, STEW-ART and MOSCHZISKER, JJ. Affirmed.

Bill in equity praying for discovery and to recover the balance due on a contract. There being no ground for equitable jurisdiction, the case was tried as an action at law under the Act of June 7, 1907, P. L. 440. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

The court filed a decree directing that judgment be entered for plaintiff for $15,541.12. Defendant appealed.

*Error assigned* was the entry of the decree and various rulings on the evidence.

*W. D. N. Rogers,* with him *John C. Slack* and *O. S. Richardson,* for appellants.—The long continued acquiescence of plaintiff is a bar to her recovery: Lindsay Petroleum Co. v. Hurd, L. R., 5 P. C. 221; Consolidated Oil Well Packer Co. v. Jarecki Mfg. Co., 157 Pa. 342; Streight v. Junk, 59 Fed. Repr. 321; Tygert-Allen Fertilizer Co. v. T. E. Tygert Co., 191 Pa. 336; Philadelphia Trust Safe-Deposit & Ins. Co. v. Coal & Iron Co., 139 Pa. 534; Chapman v. Chapman, 59 Pa. 214.

Payment of balances as shown by semi-annual ac-

countings amounted to an accord and satisfaction: Weiss v. Marks, 206 Pa. 513; Nassoiy v. Tomlinson, 148 N. Y. 326 (42 N. E. Repr. 715); Hibberd v. Mullen, 14 Pa. D. R. 419; Fidelity Trust Co. v. Carson, 28 Pa. Superior Ct. 418.

*G. K. Wright,* of *McKee, Mitchell & Alter,* for appellee.—There was no accord and satisfaction: Hartman v. Danner, 74 Pa. 36; Krauser v. McCurdy, 174 Pa. 174; Girard Fire & Marine Insurance Company v. Canan, 195 Pa. 589; Washington Natural Gas Company v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Evesson v. Ziegfield, 22 Pa. Superior Ct. 79; Philadelphia, Baltimore & Washington Railroad Company v. Walker, 45 Pa. Superior Ct., 524; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

This case was commenced by a bill in equity asking for discovery. The learned court below states, "That is the only averment of the plaintiff's bill which gave equity jurisdiction, and had the defendant at the close of the plaintiff's case asked the court to dismiss the bill for want of jurisdiction it would have been compelled to do so; but the question of jurisdiction was not then nor has it since been raised. By the terms of the Act of June 7, 1907, P. L. 440, there being no equitable relief to which the plaintiff is entitled,......the case becomes an action at law, triable by the sitting judge without a jury......, and this is merely an action to recover the balance due on a contract."

From the findings upon the record it appears that prior to 1895, George W. McClure (the defendant) and Carl Amsler were business partners; that upon the death of the latter in that year McClure entered into a written agreement with the executors of Amsler's estate whereby he was given the right to use certain

patents which had theretofore belonged to the firm of McClure and Amsler; that he was to pay a royalty of $500 for each stove erected or licensed to be erected under these patents; that the plaintiff was to receive three-eights of this royalty, and a sum not exceeding $50.00 was to be allowed for expenses in each instance; that in 1896 the plaintiff entered into an oral agreement with the defendant qualifying the foregoing contract and reducing the royalty to $300.00, "this reduction to continue until general business improved"; that "there was a general improvement of business from 1899 on, and the temporary reduction of the royalty......ceased at that time"; that from the date of the oral agreement the defendant accounted to the plaintiff on the basis of the $300.00 royalty; that from the date of the written agreement until May 1, 1899, the defendant was the senior member of and had a two-thirds interest in a partnership known as George W. McClure & Sons, and from thence to the time of trial he was the senior member of and had a one-half interest in a partnership which succeeded the latter firm, known as George W. McClure Son & Co.; that the defendant entered into a contract with the former of these firms and subsequently with its successor, in which they agreed to pay him $300.00 for every stove erected or licensed; that the balance received "for royalties, plans and specifications by either of these two firms was divided among the members of the partnerships in proportion to their interest therein"; that fifty-four stoves were erected by other persons upon licenses, for which one or the other of these firms was paid amounts "averaging approximately $1,075.00 per stove"; and that, "for the six years immediately preceding the filing of the bill defendant erected or licensed in all 173 stoves."

After finding the foregoing facts the court below concluded as a matter of law that the plaintiff was "entitled to recover from defendant $75.00 on each of the stoves sold, erected or licensed by him during the six years

immediately prior to the filing of this bill"; and in the opinion filed to sustain this conclusion the court states: "By the terms of the contract originally entered into between the parties, this plaintiff and her co-executor were entitled to $187.50 for each stove erected or licensed by the defendant, less three-eighths of the expenses ......, not to exceed on each stove $50.00. By the terms of the oral agreement the amount of the royalty due to the plaintiff for each stove was reduced to $112.50 temporarily until general business improved, and the simple status of this case is a suit for the difference alleging that general business did improve about 1899. This being purely a suit at law the statute of limitations bars the plaintiff's right to recover beyond six years from the bringing of the suits.......From the evidence we have found that the agreement of reduction was a temporary reduction until the improvement of business. There can be no question that business improved from 1899 and that the business in this department improved with it. The plaintiff, then, if she had brought her suit in time could have recovered the full amount of her royalty from that time on. She saw fit to neglect it, and the statute of limitations bars the recovery for more than six years prior to the bringing of her suit.......Subsequently to December, 1901, the defendant, every six months, mailed to the plaintiff a statement of the number of stoves licensed and erected by him, with a check for her share of the royalty, at $300.00 a stove, and she accepted and cashed the check. There was no statement by him that this was in full satisfaction of all claims by her, nor was it accepted by her on any such terms. We cannot see that this is accord and satisfaction......; we have found that there was an agreement for the temporary reduction of royalties, and that the period of temporary reduction ended in 1899. The defendant knew when the temporary reduction terminated, as well as the plaintiff, but in addition to that, she notified him in 1901, that the agreement for the temporary reduction

of royalty had ceased, and she demanded the royalty in accordance with the written agreement. The mere fact that she accepted checks in payment of the royalties for a smaller sum, without an agreement to accept in full, would not bar her recovery of an additional amount."

The appellant contends that the evidence shows an accord and satisfaction and that the court below fell into error when it decided to the contrary. The fact that a creditor receives less than the amount claimed, with knowledge that the debtor denies indebtedness beyond the payment made, does not necessarily constitute an accord and satisfaction, and under the findings we are not impressed with the contention that error was committed in holding that the plaintiff's acceptance of the defendant's checks "would not bar her recovery of the additional amount." The defendant further contends that for a period of fourteen years the plaintiff acquiesced in the reduction of the royalty and thereby debarred herself from claiming more. The answer to this is that the court below has found that there was no acquiescence; and we see no reason, under the evidence and the applicable rules of practice, for disturbing that finding. Nor do we see any reason to revise the finding that the reduction in the royalty was simply a temporary one that ended in 1899. After reviewing the whole record and considering all the contentions urged by the appellant, we feel that the learned court below correctly determined this case; when the recovery was restricted to the six years immediately preceding the filing of the bill the defendant received every consideration to which he was entitled under the facts and the law.

The first two assignments of error are defective and were not pressed by the appellant; they are dismissed and the others are overruled. The judgment is affirmed.