## Honeysett v. The White Company, Appellant.

Argued November 19, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Adolph Rosengarten, Jr.*, and with him *Stradley, Ronon, Stevens and Denby,* for appellant.

*George Ovington, Jr.*, for appellee.

Opinion by Linn, J., March 5, 1932:

Plaintiff has judgment for commissions. The defense was that the commissions had not been earned, and accord and satisfaction. On the facts found and on the undisputed evidence judgment should have gone the other way.

Plaintiff was employed at a salary of $250 a month

and specified rates of commission on motor trucks sold by him. In consequence of a difference between him and defendant, he tendered his resignation on October 12 to take effect October 31. The defendant declined to accept the resignation and under a clause in the contract, discharged him on October 16. He had then received no compensation for the month of October; he claimed that there was due him salary and a sum for commissions,—the amount depending on whether the purchasers of the trucks sold had made settlement for their purchases "previous to the determination of this contract" of employment. The evidence would support a finding either way as to the facts of these settlements, so, for present purposes, we assume that the learned trial judge (there was no jury) found that settlements were made by the purchasers of the trucks before plaintiff was discharged; the case does not, however, turn on those facts.

On October 19 plaintiff wrote to defendant demanding his "further commissions and my salary check in full in due time." In reply defendant sent him a check dated October 26 for $125; on the back of it was endorsed the conditions on which it was sent, and on which it must be received. Part of the endorsement is as follows: "Payee hereby acknowledges this check. to be received in full payment, settlement and discharge of all claims and demands now or heretobefore held or asserted by the payee against the White Company, and especially of such as have arisen from or are incidental to the employment of the payee by The White Company whether under written or oral contract or otherwise, further, that said employment ceased on the 12th day of October, 1928 ......" On November 3 plaintiff returned the check to defendant by letter stating that the "check is not in accordance with the contract ...... therefore it is not acceptable ...... hence, the enclosed check is returned for correction in amount and

endorsement.'' Defendant declined to accede to plaintiff's view and returned the check to him unchanged. Plaintiff testified that he received the check a second time, and left it ''on my dresser or desk ......;'' that his wife took it, endorsed his name on it under the statement of conditions quoted above, and cashed it; plaintiff made no offer to return the money to defendant. The evidence is undisputed that his wife had authority to endorse his name on the check and collect it, though he says that he did not know that she intended to do so in this case.

This brings us to the decisive question in the case: what is the effect of cashing the check and retaining the proceeds in the circumstances? There can be but one answer. The evidence is positive that there was a real dispute between the parties concerning the amount due. On that subject, plaintiff was put on notice of the claims of defendant by what it had written on the back of the check, and his letter returning the check shows that he appreciated the significance of the conditions stated. Those conditions were emphasized by defendant's return of the check to the plaintiff. He was, therefore, fully advised that defendant insisted that on his claim for salary and commission there was due only $125, and that if he accepted the check, he took it in full of all accounts. He is as much bound by the act of his agent in accepting and cashing the check on the conditions on which it had been twice received by him, as if he had signed the receipt himself. In Barron v. Fox, 84 Pa. Superior Ct. at 49 we said: ''The general principle is well established that when a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim, or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction. If he is not

willing to accept the check in full payment it is his duty to return it without using it: 1 Corpus Juris 562. Where money is sent by a debtor to a creditor to apply on a disputed claim with a notice that it is to be in settlement of a larger demand, the debtor will be discharged if the creditor receive the money: Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568.''

Where the facts are not disputed the court should declare the result: Crescent v. Weaver, 84 Pa. Superior Ct. 231.

Judgment reversed and here entered for defendant.

This opinion was written by Judge LINN prior to his appointment to the Supreme Court, and has been adopted as the opinion of this Court. F. M. TREXLER, P. J.