Blaisdell Filtration Co. *v.* Bayard & Co., Inc., Appellant.

Argued January 6, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Abraham Wernick,* with him *Sachs & Sachs,* for appellant.

*Philip H. Strubing,* with him *Robert F. Irwin, Jr.,* for appellee.

OPINION BY MR. JUSTICE DREW, March 20, 1933:

This action of replevin was brought by plaintiff, Blaisdell Filtration Company, to obtain possession of a filtering machine and certain tools, patterns, office equipment and other personal property held by defendant, M. L. Bayard & Company. The jury found in favor of plaintiff, and from the judgment entered on the verdict defendant appealed.

Plaintiff is the owner of certain patents on machines for the filtering of water for water supply purposes. Defendant acted as the manufacturer of such machines under plaintiff's patents. M. L. Bayard was president of both companies, and under an oral lease plaintiff had its office in the building of defendant, for which a rental of $25 a month was paid. Under a written order from plaintiff, dated July 2, 1926, defendant constructed the filtering machine the possession of which is now in dispute. The agreement provided that the cost of construction, $8,128.24, was to be paid when the machine was completed, but that defendant's profit, which was fixed. at 20% of the cost, or $1,625.65, was not to be paid until the machine was sold. The cost of construction was paid in full at the appointed time. There was conflicting tes-

timony as to whether the machine was to remain in defendant's possession until sold.

In March, 1928, Bayard resigned as president of plaintiff company, whereupon plaintiff terminated, or sought to terminate, its tenancy with defendant, and demanded possession of its property. Defendant company refused to surrender anything, claiming a lien on the machine for the unpaid profit and on the other property for unpaid rent. It continued to charge $25 per month as rental of its office space. On July 1, 1928, defendant's claims against plaintiff, except that for the 20% profit, amounted to $554.69. This included $50 for rent from the time of Bayard's resignation, an item which plaintiff insisted it did not owe. On July 7, 1928, plaintiff's attorney sent to defendant's attorneys a check for $554.69 in full settlement of all of defendant's claims, except the item of 20% profit. In the letter accompanying the check it was stated that the check was sent "with the understanding that Mr. Bayard and his company are to permit my client to take away the Blaisdell Tractor washer, all drawings, tracings, blueprints, tools, jigs, fixtures, patterns, correspondence, supplies and office fixtures and all other articles belonging to the Blaisdell Company." On July 9, 1928, defendant's attorneys replied that the check would be accepted in full payment of all claims, but that defendant would not surrender possession of the filtering machine, although plaintiff might remove its other property. This letter was received, but it is admitted that no written answer was ever sent. At the trial, the attorney who had acted for defendant in the matter took the stand and testified that after receiving the letter plaintiff's attorney (who had died before the trial) had telephoned him and agreed to the retention of the check on these terms. The question whether plaintiff, by its attorney, had thus agreed to defendant's terms, was submitted to the jury, and by the verdict in plaintiff's favor it was determined that no such agreement was made. Defendant cashed the check

on July 10, 1928, and then refused to surrender possession of any part of the property, without giving any reason for failing to do what had been agreed upon. After further negotiations, which proved fruitless, plaintiff began this action.

The learned trial judge charged the jury that unless they found that there was such a telephone conversation between the attorneys, retention and use of the check by defendant operated, as a matter of law, as an acceptance of the conditions contained in the letter accompanying the check, and defendant was bound thereby. Defendant contends that this was error, on the ground that there was no consideration for an agreement on its part to surrender possession of the machine, claiming that plaintiff was legally bound to pay the full amount of the check. While it is true that the performance of an act which one party is legally bound to render to the other party is not legal consideration (Erny v. Sauer, 234 Pa. 330; see Troop v. Franklin Sav. & T. Co., 291 Pa. 18; Lewis v. Hamilton, 301 Pa. 173), this rule is subject to an exception where the very existence of the duty is the subject of honest and reasonable dispute: Restatement of Contracts, section 76. Thus, payment of part of a disputed or doubtful claim in full settlement will discharge the entire claim: Washington Gas Co. v. Johnson, 123 Pa. 576; Miller's Est., 279 Pa. 30; Sollenberger v. Scattergood, 82 Pa. Superior Ct. 571. Although defendant argues that there was no dispute as to the amount of money which plaintiff owed, the evidence very clearly discloses that there was a real controversy as to the amount of rent actually due. Plaintiff claimed that it terminated its lease with defendant at the time Bayard resigned from the presidency of plaintiff company, and when it sent the check it contended, rightly or wrongly, that it did not owe a part of the rent charged for the period after Bayard's resignation. The check sent by plaintiff's attorney covered payment of this whole claim, and thus included an amount which

was honestly and reasonably in dispute; it was, therefore, consideration for defendant's agreement to surrender possession of the machine.

Defendant further contends that when plaintiff failed to reply to the letter of its attorney refusing to accept the check upon the conditions on which it was sent and proposing new conditions, defendant was justified in acting upon the basis that its counter-proposal had been accepted by plaintiff. From this defendant argues that its acceptance of the check was only upon the terms stated in its letter, and that therefore it had a right to retain possession of the machine. This assumption that plaintiff, by silence, accepted defendant's terms, is unsound. The letter was an expression of dissatisfaction with plaintiff's offer, and constituted a counter-offer to enter into an entirely different contract. But this counter-offer, like offers in general, required acceptance to make a binding contract. The mere failure of plaintiff or its counsel to reply did not operate as an acceptance of the counter-proposal: Herzog v. Vozzy, 44 Montg. L. R. 53; Seeds Grain & Hay Co. v. Conger, 83 Oh. St. 169; see Dunn v. Whalen, 120 N. Y. App. Div. 729, 731. In Herzog v. Vozzy, supra, a check for part of a disputed claim was sent "in full settlement." Plaintiff's attorney wrote back that it would not be accepted in full settlement of the account. No reply was made by defendant, and about two months later plaintiff deposited the check and received the proceeds. It was held that there was an accord and satisfaction which barred plaintiff from recovering the balance of the disputed claim. In the instant case, when defendant retained and used the check sent by plaintiff, the latter was entitled to treat such retention and use as an acceptance of the terms on which the check was sent, despite defendant's expressed intention not to assent to plaintiff's proposition: Herzog v. Vozzy, supra; Seeds Grain & Hay Co. v. Conger, supra; see Washington Gas Co. v. Johnson, supra; Honeysett v. White Co., 104 Pa. Superior Ct. 535; 34 A. L. R. 1035,

1044; 75 A. L. R. 905, 916. "Where the offeree exercises dominion over things which are offered to him, such exercise of dominion in the absence of other circumstances showing a contrary intention is an acceptance. If circumstances indicate that the exercise of dominion is tortious the offeror may at his option treat it as an acceptance, though the offeree manifests an intention not to accept": Restatement of Contracts, section 72, and see also section 420.

The assignments of error are overruled and the judgment is affirmed.