## GOLDENSTERN & COHEN, Inc., v. BUTLER IRON & STEEL CO., Inc.

### No. 1040.

District Court, W. D. Missouri, W. D.

Feb. 9, 1943.

James P. Aylward, George V. Aylward, and Ralph M. Russell, all of Kansas City, Mo., for plaintiff.

Maurice J. O'Sullivan, of Kansas City, Mo., and David R. Milsten, of Tulsa, Okl., for defendant.

COLLET, District Judge.

The defendant asserts that the undisputed facts compel the legal conclusion that an accord and satisfaction was reached between the parties concerning the matter made the basis of plaintiff's present claim.

The action is one for the recovery of an amount alleged to be due on account. The account had its origin in an alleged contract by which the plaintiff agreed to sell, and the defendant agreed to buy, certain scrap iron and steel at a stipulated price per ton. The petition asserts that a given number of tons were delivered for which the defendant became indebted to plaintiff in the amount of $135,837—that defendant has paid thereon the sum of $131,448.19, and that the difference is due. The answer asserts that "prior to December 12, 1938, there was an actual controversy and dispute between the parties with respect to the amount of material delivered and the kind and character of same and the amount, if any, for which defendant was or might be liable to the plaintiff." It is further alleged that "after full negotiations between the parties, on December 12, 1938, defendant executed and delivered check for $3,875.00, payable to [plaintiff] and that there was endorsed on said check at the time of delivery thereof the following memorandum: 'This check is in full settlement for items listed below—Butler Iron and Steel Company—in full settlement for all balances in connection with our Contract No. 07755, dated March 6, 1937. 3875.00,' which memorandum evidenced the agreement between said parties whereby all controversies and disputes with respect to the amount due and owing by the defendant to plaintiff for all balances claimed by the plaintiff, in connection with the contract attached to the petition, were settled, compromised and forever adjusted, released and discharged."

It is further alleged that "said check was duly endorsed by the payees named therein; that it was deposited to the credit of and is endorsed by the plaintiff and same was duly paid on December 16, 1938, whereby defendant was fully discharged from all the claims and demands sued on herein."

Unquestionably, the answer alleges all of the elements of an accord and satisfaction. But the facts upon which the motion for summary judgment is predicated do not establish an accord and satisfaction. The facts relied upon consist of two interrogatories propounded by defendant and the answers thereto made by plaintiff. Those questions and answers are: "7. (a) During 1938 were complaints made to you or your predecessors about excess base sediment content of the steel from the tanks covered by the contract mentioned in your petition? (b) by whom were such complaints made to you? (c) what investigation, if any, did you make respecting such complaints. (d) did you allow any discount on account of the contract price on account of such base sediment? (e) did you know that during 1938 the defendant was obliged to make an allowance to W. C. Berry and Sonken-Galamba Corporation of $1.00 per ton on account of such excess base sediment?" The answer to this interrogatory was:

"7. (a) No. Tanks were to be inspected 'as is'. * * *

"(d) No.

"(e) No."

The second interrogatory was: "8. (a) Did you on December 12, 1938, receive check for $3,875.00, payable to Goldenstern Pipe & Supply Co., Ponca City, Okla., and the I. J. Cohen & Co., Kansas City, Kansas? (b) at the time of the delivery of said check was the following endorsement contained thereon: 'This check is in full settlement for items listed below—Butler Iron & Steel Company In full settlement for all balances in connection. with our Contract No. 07755, dated March 6, 1937. 3875.00'? (c) was said check endorsed by Goldenstern Pipe & Supply Co. and I. J. Cohen & Co., and was it endorsed by Goldenstern and Cohen, Inc., and deposited to its credit in The Security Bank, of Ponca City, Okla., on December 16, 1938?" The answer to the latter question was:

"8. (a) Yes.

"(b) Yes.

"(c) Yes."

It will be observed that Interrogatory No. 7 and the answer thereto furnish no basis in fact for the assumption that a dispute had existed between the parties prior to the delivery and acceptance of the check referred to in the following interrogatory concerning the amount due. It is rather academic that the acceptance by a creditor of an amount less than that actually due him will not extinguish the entire debt unless there is a bona-fide dispute concerning the amount due and the acceptance of the lesser amount is in settlement of that dispute. Otherwise, there is no considera-

tion for the extinguishment of the entire debt.

If the facts are undisputed that there was a dispute concerning the amount due plaintiff then they should be made to appear.

Defendant asserts that the contract constituting the accord and satisfaction was the delivery and acceptance of the check with the endorsements thereon, noted above, and that the check was delivered and accepted in Pennsylvania with the result that the legal effect of the contract will be governed by the laws of Pennsylvania. If the pleadings or the interrogatories furnished any basis in fact for the defendant's conclusion that the alleged accord and satisfaction was a Pennsylvania contract, which they did not, the cases the defendant cites in support of its conclusion that under the law of Pennsylvania the acceptance of the check constituted an accord and satisfaction hold to the contrary. Blaisdell Filtration Co. v. M. L. Bayard & Co., 311 Pa. 6, 166 A. 234; Giles v. Vockel, 311 Pa. 347, 166 A. 849; Honeysett v. White Co., 104 Pa.Super. 535, 159 A. 207; Pennsylvania R. Co. v. Cameron, 380 Pa. 458, 124 A. 638, 33 A.L.R. 1281, loc. cit. 1284. In each of these cases the Pennsylvania Court announces the universal rule that a bona-fide dispute as to the amount due is a necessary incident to accord and satisfaction.

For the reasons noted the motion for summary judgment is denied.