Lucacher *v.* Kerson et al., Appellants.

Argued June 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*A. Samuel Buchman,* for appellants.

*Madison S. DuBois,* with him *James N. Lafferty* and *James R. Wilson,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, September 30, 1946:

On March 21, 1944, the parties entered into an oral contract by which defendants agreed to employ plaintiff as a window-trimmer at a salary of $85 per week. According to plaintiff it was to be a "permanent" job, but defendants testified it was to be merely for a trial period with the right of either party to terminate the employment at any time. Plaintiff started work on April 11th; on April 14th defendants paid him a week's salary and discharged him, telling him that they were not satisfied with him, they found they could not use him, and they were giving him a check for $85 in full of all his claims against them. He says that he was too shocked to say anything; however, he accepted the check and cashed it the following day. Shortly thereafter he brought the present action to recover damages for breach of contract. The jury returned a verdict in his favor of $800 and the judgment entered thereon was affirmed by the Superior Court (158 Pa. Superior Ct. 437, 45 A. 2d 245). The trial judge allowed the jury to determine what the parties intended by the provision that, as claimed by plaintiff, his job was to be "permanent". This was proper because it is for the jury to ascertain the meaning to be ascribed to the words employed in an oral contract, in the light of all the circumstances surrounding the making of the agreement: McCormack v. Jermyn, 351 Pa. 161, 40 A. 2d 477.

The trial judge also referred to the jury the question whether plaintiff's acceptance of the check barred any further prosecution of his claim. In this also there was no error, for the evidence did not sufficiently establish an accord and satisfaction as a matter of law. The principles governing that subject are well established. Where there is a dispute or disagreement between the debtor and creditor as to their respective rights, a payment tendered in full satisfaction of the other's claim operates as an accord and satisfaction if the payment is ac-

cepted and retained.[1] On the other hand, in the absence of such a controversy, the payment of a part of the amount due under a contract, even though accepted by the creditor as in full satisfaction of the debt, does not work a discharge of the entire indebtedness, for the reason that there is no consideration for the creditor's agreement that it should so operate.[2]

Applying here the distinction thus established, we find nothing in the conversation or the circumstances attending plaintiff's discharge which would warrant a finding by the court that there was an accord and satisfaction of his claim. No controversy had then arisen as to the terms of the agreement in regard to the permanency of his employment. All that defendants said in discharging him was that they were not satisfied with him and found they could not use him; they did not assert any belief or contention on their part that they had a legal right to take such action; as far as the evidence discloses they may merely have hoped that plaintiff would be willing to accept the check in full settlement of obligations which they did not deny. In the absence of any preceding dispute he cannot be held to have relinquished his claim, since there was no consideration for his acceptance of a sum less than that to which he was entitled.

Judgment affirmed.

---

[1] *Miller's Estate*, 279 Pa. 30, 123 A. 646; *Blaisdell Filtration Co. v. Bayard & Co., Inc.*, 311 Pa. 6, 166 A. 234; *Giles v. Vockel*, 311 Pa. 347, 166 A. 849; *Bernstein v. Hirsch*, 33 Pa. Superior Ct. 87; *Polin v. Weisbrot*, 52 Pa. Superior Ct. 312; *Sollenberger v. Scattergood*, 82 Pa. Superior Ct. 571; *Barron Co. v. Fox & Co.*, 84 Pa. Superior Ct. 46; *Crescent Corrugated Paper Products Co. v. Weaver Paper Co.*, 84 Pa. Superior Ct. 231; *Honeysett v. The White Co.*, 104 Pa. Superior Ct. 535, 159 A. 207.

[2] *Brockley v. Brockley*, 122 Pa. 1, 15 A. 646; *Martin v. Frantz*, 127 Pa. 389, 18 A. 20; *Commonwealth to use v. Cummins*, 155 Pa. 30, 25 A. 996; *Amsler v. McClure*, 238 Pa. 409, 86 A. 294; *Nies v. Metropolitan Casualty Insurance Co.*, 317 Pa. 545, 177 A. 754; *Suits to use v. Aetna Casualty & Surety Co.*, 106 Pa. Superior Ct. 231, 161 A. 592; *Cosmo Dress, Inc. v. Perlstein & Co.*, 134 Pa. Superior Ct. 597, 4 A. 2d 596.