**Dorothy P. RUTLEDGE, Plaintiff,**

**v.**

**Edwin A. MILLER and Mary H. Miller, his wife, Defendants.**

**No. 64 C 72(1).**

United States District Court
E. D. Missouri, E. D.

Oct. 29, 1965.

Pannell & Hess, Festus, Mo., for plaintiff.

Don O. Russell and W. A. Ens, St. Louis, Mo., for defendants.

HARPER, Judge.

This cause of action is based on a contract dated November 15, 1958, between the plaintiff's assignor, her husband, Dr. Richard M. Rutledge (hereinafter referred to as Dr. Rutledge), and the defendants, Edwin A. Miller and Mary H. Miller, his wife. The plaintiff, Dorothy P. Rutledge, seeks to recover $22,000.00, which is the sum still remaining in the hands of the defendants from payments made to them by Dr. Rutledge on a contract dated November 15, 1958, for the purchase of land, which was not consummated. The plaintiff is a resident of Arkansas and defendants are residents of Missouri, so this court has jurisdiction based uopn diversity of citizenship, the claim being in excess of the required jurisdictional amount.

The testimony discloses that on or about the 15th day of November, 1958, the defendants and Dr. Rutledge entered into an agreement for the sale and purchase of certain real estate in Jefferson County, Missouri, located near Fenton, Missouri. At the time the contract was signed (Plaintiff's Exhibit 1) the defendants gave to Dr. Rutledge a receipt for $10,000.00 (Plaintiff's Exhibit 7). This receipt was for $7,500.00 which had been paid by Dr. Rutledge to the defendants under a prior contract (Plaintiff's Exhibit 8), dated May 17, 1958, with respect to this same property, and for $2,500.00 paid to the defendants when the contract in question was signed, in addition to the $7,000.00 referred to in the contract.

While the contract in question states that the purchase price of the property was $80,000.00, both the purchaser and the sellers state that the actual price was to be $100,000.00, but whether it was eighty thousand or one hundred thousand dollars is of no significance here. The contract acknowledges receipt of $7,000.00 at the time it was signed, making a total of $17,000.00 which the defendants had been paid by Dr. Rutledge on the purchase price when the contract was signed.

Thereafter, on December 15, 1958, and January 26 and February 24, 1959, payments in the amount of $5,000.00 each were made by Dr. Rutledge to the defendants. The parties are in agreement that the total amount of the payments to the defendants by Dr. Rutledge was $32,000.00 under the two contracts, as evidenced by Plaintiff's Exhibits 2, 3, 4, 5, 6 and 7 (Exhibit 7 being the receipt

for cash and the other exhibits being canceled checks). While the January and February payments in 1959 were a few days late under the terms of the contract, it is of no significance since they were accepted by the defendants.

The contract provided that after the payment was made under the contract on February 15, 1959, the defendants were to convey by warranty deed the real estate to Dr. Rutledge and to take back a first deed of trust for the balance of $58,000.00 due on the property, the deed of trust to be signed by Dr. Rutledge and his wife. The check for the payment of February, 1959, which was cashed by the defendants, was dated February 24, 1959.

The testimony discloses that neither Dr. Rutledge nor the defendants followed through with the terms of the contract after the $5,000.00 payment made in February of 1959. The defendants were at that time to deed the property to Dr. Rutledge, and while one of the defendants, Edwin A. Miller, testified on direct examination that a warranty deed for the property in favor of Dr. Rutledge was prepared about that time and that he and his wife signed the deed, yet upon cross-examination he admitted that he did not know whether the deed was ever prepared or not, but stated that his attorney was ready to prepare it. He testified on direct examination that the certificate of title was brought down to date on the property after the payment of February 24th by Dr. Rutledge, but when shown the abstract of title (Defendants' Exhibit D) admitted that the abstract was last certified on November 17, 1958, long before the payment referred to, and that the certificate of title, if brought down to date thereafter, was probably done at the time the property was later sold by the defendants to other parties. At the same time Dr. Rutledge, near the time that the last payment was made in February of 1959, made no effort to secure a deed and to give a deed of trust on the property.

On February 24, 1960, defendants sent a registered letter dated February 23, 1960, to Dr. Rutledge, advising him that since he had failed to make the payment due November 15, 1959, on the contract that they were treating the contract as breached and forfeited and would retain all payments made thereunder as liquidated damages. Prior to sending said letter the defendants had never offered Dr. Rutledge a warranty deed—in fact, had never signed one.

Edwin A. Miller, one of the defendants, testified that in February of 1959 he called Dr. Rutledge and told him he was ready to deliver the warranty deed to the property and that Dr. Rutledge stated that they would have to delay the delivery because of sickness in the family, but Dr. Rutledge denies that he was contacted by Edwin A. Miller with respect to the deed, and testified that most of his dealings were with Edwin A. Miller's brother.

In view of the other testimony with respect to the certificate of title and the preparation of the deed by Edwin A. Miller, the court is of the opinion that his testimony with respect to the call is unworthy of belief and that nothing was done by the defendants under the terms of the contract after the receipt of the payment in February of 1959 until the letter of February 23, 1960 (Defendants' Exhibit H) was mailed to Dr. Rutledge.

After receipt of the letter of February 23, 1960, Dr. Rutledge did nothing other than talk to Edwin A. Miller's brother until the fall of 1962, when he demanded of defendants that they return the $32,000.00 he had paid to them under the contract. On May 20, 1963, the defendant, Edwin A. Miller, replied to Dr. Rutledge's demand by sending him a letter (Defendants' Exhibit G), enclosing a check for $10,000.00, dated May 28, 1963 (Plaintiff's Exhibit 9), payable to Dr. Rutledge. The letter referred to the $10,000.00 as representing the cash deposits made by Dr. Rutledge to guarantee the execution of a purchase contract on defendants' farm.

The letter further stated that the agreement provided that if a forfeiture

were declared and a subsequent sale of the farm was made, the deposits were to be returned to Dr. Rutledge. It further stated that on February 23, 1960, Dr. Rutledge was notified of the cancelation of the agreement, and the farm was sold between February 23, 1960, and May 20, 1963, and that the $10,000.00 check was in full settlement and satisfaction of his obligation to Dr. Rutledge under their agreement. The letter does not refer to the date of the agreement and is signed only by Edwin A. Miller, one of the parties to the contract of November 15, 1958, but the defendants claim that the check came from both of them and that the cashing of the check constituted an accord and satisfaction of any claim Dr. Rutledge had against them.

Dr. Rutledge cashed the said check and thereafter, on October 30, 1963, made a valid assignment in writing to the plaintiff, his wife, of all claims he had against the defendants which arose out of the contract of November 15, 1958.

This matter presents two questions for the court's determination: First, does the forfeiture provisions of the contract of November 15, 1958, entitle the defendants to keep the remaining $22,000.00 under the terms of the contract, and second, if the defendants are not entitled to keep the $22,000.00 under the terms of the contract, has there been a full settlement and complete accord and satisfaction of any claim by the plaintiff based on the acceptance and cashing of the $10,000.00 check by Dr. Rutledge? Only if both of these questions are answered in the negative is the plaintiff entitled to recover from the defendants.

Turning to the question of the forfeiture provisions of the contract of November 15, 1958, we must look first of all to the testimony with respect to the alleged forfeiture. While it is true that Dr. Rutledge did not make the payments required of him to be made after February 15, 1959, yet the defendants failed to do the things which they were required to do under the contract after receipt of the payment in February of 1959. The abstract of the property was not brought down to date, the property was not conveyed to Dr. Rutledge, nor in fact was the warranty deed for the property drawn up, and the court concludes that it was the defendants who first breached the contract, in that they were required under the contract to convey the real estate upon the payment by Dr. Rutledge of the $5,000.00 in February of 1959.

The Missouri courts do not favor forfeitures. Mathews v. Modern Woodmen of America, 236 Mo. 326, 139 S.W. 151. The party who seeks to rescind a contract because of the other's default must show that he has done all he is required to do in order to entitle himself to a performance of it by the other party.

As set out in Rexite Casting Co. v. Midwest Mower Corp., Mo.App., 267 S.W.2d 327, which follows a long line of past Missouri cases, the court at page 333 said: "A party to a contract cannot claim its benefits where he is the first to violate it."

Since the defendants did not execute and deliver the warranty deed as called for in the contract in February of 1959, when Dr. Rutledge made the payment of $5,000.00, the defendants were, therefore, the first to violate the terms of the contract, and in view of the violation are not entitled to invoke the forfeiture provisions of the contract, including those provisions with respect to liquidated damages.

As set out in Williston on Contracts, Third Edition, Sec. 699: "When one party to a contract fails to perform the duty of the other to continue to perform is terminated." When the defendants failed to execute and deliver, or at least attempt to deliver the warranty deed to Dr. Rutledge, his duty to comply with the terms of the contract was at an end.

Turning to the question of the acceptance of the $10,000.00 check by Dr. Rutledge as a full settlement of any claim he had against the defendants, we must turn to the facts with respect to this

question. The letter of May 20, 1963 (Defendants' Exhibit G), which accompanied the check, stated: "This check represents the cash deposits made by you to guarantee the execution of a purchase contract on my farm."

The testimony at the trial disclosed that there had been a former contract (Plaintiff's Exhibit 8) entered into between the parties on May 17, 1958, and that this first agreement provided for the repayment to Dr. Rutledge of any amount he had paid if the deal was not finally consummated when the property was sold by the defendants, and it had been sold before the $10,000.00 check was returned to Dr. Rutledge. Edwin A. Miller, one of the defendants, testified that he didn't know whether the $10,000.00 returned to Dr. Rutledge was under the first or second contract. The contract of November 15, 1958, which is the one before the court, contained no provision for the return of the cash deposit, but instead provided that upon a forfeiture it would be liquidated damages.

Considering the testimony as a whole and the exhibits, the court is of the opinion that the letter referred to the cash deposits paid in under the first contract of May 17, 1958, which provided for the return of such payments if the deal didn't go through, that it was not a settlement of the second contract (the contract before the court), and was not an accord and satisfaction which settled the rights of Dr. Rutledge to the return of moneys he had paid in under the contract of November 15, 1958. Even if the return of the $10,000.00 on May 20, 1963, was not a return under the contract of May 17, 1958 (first contract), the necessary elements for accord and satisfaction are lacking. There was no conflict or uncertainty as to the amount involved and Dr. Rutledge had demanded the return of it. The defendants readily admitted that they had received $32,000.00 from Dr. Rutledge with respect to the two contracts. The Supreme Court of Missouri in Collins v. Gaskill, 359 Mo. 171, 221 S.W.2d 181, l. c. 185, said:

> "It is the general rule that payment of a part of a debt, or of liquidated damages, is not a satisfaction of the whole debt even when the creditor receives the part for the whole, and receipts for the whole demand."

In Wayland v. Pendleton, 337 Mo. 190, 85 S.W.2d 492, l. c. 494, the Supreme Court of Missouri said:

> "An agreement with a debtor to accept less than the amount due on a debt in satisfaction thereof is *nudum pactum* and void."

While a part of the $32,000.00 was paid to the defendants under the earlier contract, its payments were taken over by the contract of November 15, 1958. The parties are in agreement that while the contract sets the price of the land at $80,000.00, that the price was actually $100,000.00. There is no dispute that the $7,000.00 mentioned in the contract of November 15, 1958, had been received by the defendants at that time. There is no testimony before the court from which the court could find that there is a dispute as to the amount due Dr. Rutledge, as the defendant, Edwin A. Miller, testified he did not know if the $10,000.00 returned to Dr. Rutledge was under the first or second contract. There is no dispute but what the first contract provided for the return of all deposits to Dr. Rutledge if the deal fell through. There is no proof that defendants suffered any damages as a result of the contract not being fulfilled.

Under such a set of facts the court finds that the payment of the $10,000.00 was not a full settlement in complete accord and satisfaction of any claim Dr. Rutledge had against the defendants. As was said by the court in Goldenstern & Cohen v. Butler Iron & Steel Co., D.C., 49 F.Supp. 122, l. c. 123:

> "It is rather academic that the acceptance by a creditor of an amount less than that actually due him will not extinguish the entire

debt unless there is a bona fide dispute concerning the amount due and the acceptance of the lesser amount is in settlement of that dispute."

The court accordingly finds that the plaintiff is entitled to a judgment in her favor against the defendants for the sum of $22,000.00, with interest at six percent per annum from February 18, 1964, the date on which the summons was served on the defendants.

This memorandum opinion is adopted by the court as its findings of fact and conclusions of law, and the clerk will prepare and enter the proper judgment.