ATTORNEY GENERAL v. DERESTES H. HANCHETT ET AL.

*Private corporations—Estoppel by recognition.*

Under Comp. L., § 3355, which permits the organization of private corporations for supplying water wherever the municipal authority shall resolve that it is expedient to have water-works, but inexpedient for the town to build them, no such corporation can be organized until these conditions have been strictly fulfilled; and the municipality cannot waive them.

Whether parties can be estopped by their recognition of a corporation organized in violation of the statute by which it was supposed to be authorized—Q.

How far the doctrine of estoppel by the recognition of corporate character can apply in favor of private corporations whose organization is defective because of illegalities in violation of public right—Q.

The State cannot be estopped from instituting *quo warranto* proceedings against a private body on the ground that it has been recognized as a corporation by a municipality.

QUO WARRANTO. Motion for entry of judgment of ouster. Submitted January 6. Decided January 13.

*D. C. Holbrook* for the motion.

*Edward Bacon* against.

CAMPBELL, J. An information having been filed in this court against respondents to compel them to show by what right they assumed to exercise corporate franchises under the name of the Niles Water Works Company, those of them who did not disclaim or deny the assumption, justified under an alleged organization in compliance with chapter 128 of the Compiled Laws of 1871, being a statute approved April 3, 1869, entitled "An act to authorize the formation of companies for the introduction of water into towns, cities, and villages in the State of Michigan." Issue having been joined, the cause was sent down for trial to the Berrien circuit, and

a verdict rendered against the contesting respondents, upon which David Bacon alleges exceptions. The Attorney General moves for judgment, and Bacon resists the motion and seeks a new trial.

On the trial articles of association were produced which were properly filed and regular in form except as to the signatures. In offering them respondent offered in addition to prove all the other facts alleged in his plea. Objection was made on two grounds, which were *first*, the informality of the document; and *second*, a failure to show any such action by the corporate authorities of Niles as was required in the first section of the statute before any corporation like that set up by respondents could be organized. The court excluded the evidence on these grounds.

It is not averred in the plea nor is it now claimed that any such action was had. But it is insisted that if necessary to have the action of the municipality, a subsequent recognition was had by dealing with the corporation as an existing body, and this is claimed to have cured any possible defect.

The statute in question declares that "whenever the common council of any city or incorporated village, or the municipal authority of any town in this State, shall, by resolution, declare that it is expedient to have constructed works for the purpose of supplying such city, village, or town, and the inhabitants thereof, with water, but that it is inexpedient for such city, town, or village, under the power granted in its charter, to build such works, it shall be lawful for any number of persons, not less than five, to organize a company" etc. Sec. 1. (Comp. L., § 3355).

This language is plain and can have but one meaning. No company can be organized until there has first been a declaration, in the shape of a resolution, that the work is expedient, and that its undertaking by the municipality is inexpedient. The object of the statute is to prevent any private interference in what is regarded as a matter of public concern, until the public body has had its attention so far called to the subject as to have been

satisfied of the necessity of the improvement, and being so satisfied has also become satisfied it may be left to private enterprise to the greater advantage of the municipality than if done at public expense. This is a duty laid on the municipality by the Legislature for the protection of the citizens and is not a right to be waived, but an obligation to be performed. And no one attempting to act under the statute can have any excuse for disregarding any of its provisions.

It is claimed, however, that the subsequent recognition by the city may cure this defect, and operate by way of estoppel. We do not think this doctrine can help the respondents.

There are cases where persons dealing with others as corporations are bound by their recognition on principles of equitable estoppel, to prevent mischief from misleading the association to its prejudice. It is certainly doubtful—to use no stronger expression—whether any such principle could apply to a recognition in direct violation of the statute under which the supposed organization took place. And it is also very questionable how far the doctrine of estoppel can apply in favor of private corporations, where the defect is not an informality, but an illegality in violation of public rights as well as of public policy.

But the whole doctrine is foreign to a controversy of this kind where the State itself complains of a usurpation of franchises which it has never granted to respondents. Whether private parties are estopped or not, the State cannot be estopped from such a prosecution except by action on its own part whereby it has become bound to recognize the corporate existence. In regard to some public corporations, the doctrine of estoppel by recognition has been applied to cases where otherwise the public business will be deranged and public interests jeoparded. But the cases are not very common where private corporations can be held to have acquired legality out of an illegal origin; and under our present Constitution,

which precludes the Legislature from creating them by special enactment, no case has yet been passed upon involving the effect of recognition by State authorities. In the present case there has been nothing of the kind, and we need not pursue the inquiry. The city of Niles cannot represent the State for any such purpose.

The result is that judgment must be entered on the verdict against the respondents found guilty of the usurpation, with a fine of one dollar against each, with costs. Judgment of not guilty will be entered in favor of the rest.

The other Justices concurred.