# Zentmyer, Appellant, v. Zentmyer.

*Contract—Compromise agreement—Consideration.*

Where a dispute exists and the parties enter into an agreement for the purpose of settling the dispute, they will be bound by the agreement, unless there was some fraud used by one party. It will not be sufficient to avoid such agreement that it is afterwards discovered that the better right was in one of the parties.

The sufficiency of the consideration for a compromise is not to be determined by the soundness of the original claim of either party. The very object of the compromise is to avoid the risk or trouble of that question.

*Auditor—Auditor's findings of fact—Review.*

An auditor's findings of fact based upon sufficient evidence will not be reversed in the absence of manifest error.

*Statute of frauds—Agreement in writing—Supplemental parol agreement—Consideration.*

Where the material part of an agreement relating to real estate is in writing, and a supplemental oral agreement effects only the consideration, no question under the statute of frauds arises as to the supplemental agreement.

*Appeals—Question not raised in court below.*

A question not raised in the court below will not be considered on appeal.

Argued Oct. 22, 1917. Appeal, No. 109, Oct. T., 1917, by plaintiff, from order of C. P. Huntingdon Co., Sept. T., 1907, No. 34, dismissing exceptions to auditor's report in case of P. B. Zentmyer v. John Zentmyer. Be-

496, (1918).] Statement of Facts—Opinion of the Court.
fore ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Scire facias to revive a mortgage.

By agreement of the parties the disputed questions were submitted to R. W. Williamson, Esq., as auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*H. H. Waite,* for appellant.—The parol evidence was incompetent to sustain the auditor's findings: Baker v. Flick, 200 Pa. 13; Kaufmann v. Friday, 201 Pa. 178; Becker v. Second Acct. B. A., 239 Pa. 590.

The alleged oral agreement was void under the statute of frauds and perjuries: Colt v. Seldon, 5 Watts 525; Soles v. Hickman, 20 Pa. 180.

*W. M. Henderson,* for appellee.—The settlement of existing controversies is a good consideration of a new contract, and if such settlement be made, a party will be estopped from setting up a matter which might otherwise have availed him: Chamberlain v. McClurg, 8 W. & S. 31.

A compromise of a doubtful right furnishes a valuable consideration for a promise: Muirhead v. Kirkpatrick, 21 Pa. 237; Flegal v. Hoover, 156 Pa. 276; Fleming v. Ramsey, 46 Pa. 252.

OPINION BY KEPHART, J., April 22, 1918:

John Zentmyer, the appellee, lived with his parents in Porter Township, Huntingdon County.    From them he bought a valuable farm against which several judgments were entered.    On June 1, 1899, the appellant, Porter Zentmyer, a brother, on John's behalf liquidated these judgments and secured from John his note for $5,698.26,

which was duly entered. Porter, anxious to secure a settlement of his note, arranged a meeting with his brother at the office of Squire Isenberg in Huntingdon, on September 12, 1900. John, after some discussion, agreed to sell his farm to Porter. A memorandum recited that the consideration should be $4,500, and Porter agreed that if John would get a "good bona fide purchaser" at any sum over that figure, he would credit the difference on the note he held against him. The deed was then executed. John continued in possession of the farm until April 3, 1901. Before that date, a purchaser had been procured who was willing to pay the sum of $5,700. Whether he was a bona fide purchaser or not, under the terms of the agreement and within contemplation of law, does not seem to be material, as it is apparent that the parties regarded him as a bona fide purchaser. A subsequent agreement was then made. John agreed to surrender the possession to Porter, or his tenant, and Porter agreed to settle John's claim of the difference between the amount named in the deed and the sum Black, the purchaser, is said to have agreed to pay for the farm, $5,700. There was some dispute between the parties and, undoubtedly, this was a compromise settlement. John surrendered possession of the farm and Porter agreed to credit him on his judgment $5,500 and reduce the interest rate from six per cent. to five per cent. The paper that was prepared to evidence the compromise recited that $5,000 was the total amount to be credited instead of $5,500. The auditor, after a thorough discussion of all the evidence, allowed John's claim as above. His finding was sustained by the court below, from which Porter has appealed.

It is the contention of the appellant that inasmuch as the purchaser named in the agreement was not a "bona fide purchaser" provided in the agreement, the subsequent agreements for a reduction of the amount due under the judgment were without consideration. We cannot agree with this position for the reason that Por-

ter recognized Black as being a probable purchaser.  He raised no question as to his ability to pay, and the brothers regarded Black as being a bona fide purchaser. John then had a claim; he might not have been successful with it in a court of law; the defense of lack of a bona fide purchaser might have prevailed, but he had an apparent enforceable claim and was in possession of the property.  To secure possession of the property for his tenant and to settle this difficulty with his brother John, the compromise agreement was made.  The consideration was John's forbearance to bring action for the claim and the surrender of a possession held under that claim. It was sufficient to cause credit to be given on the judgment.  It is a general rule, that where a dispute exists, ......and the parties enter into an agreement for the purpose of settling the dispute, they will be bound by the agreement, unless there was some fraud used by one party.  It will not be sufficient to avoid such agreement, that it is afterwards discovered that the better right was in one of the parties: Barton v. Wells, 5 Wharton 225; Perkins v. Gay, 3 S. & R. 327-331; Brown v. Sloan, 6 Watts 421; A. O. U. W. v. Mooney, 230 Pa. 16-19; Brockley v. Brockley, 122 Pa. 1-6.  The sufficiency of the consideration for a compromise is not to be determined by the soundness of the original claim of either party. The very object of compromise is to avoid the risk or trouble of that question: Fink v. Farmers' Bank, 178 Pa. 154-170.  "Where one party makes a claim or demand, and the other disputes it, whereupon they settle the dispute by a compromise or by agreement upon an amount due, the promise to pay is supported by a sufficient consideration and may be enforced, although the promisor might be able to prove that nothing was in fact due from him when the agreement was made": Clark on Contracts, 174.  The matter, then, being adjusted between the brothers was, at least to them, doubtful.  There is no allegation of unfairness and if a compromise, such as this, is to be imperiled by a future consideration of the

relative rights of the parties before the compromise is made, and in the balancing of those rights one of the parties had an advantage over or a higher right than the other, it would be useless to endeavor to effect compromises and, therefore, it has been held that out of the doubtfulness of the right springs the consideration which binds the parties to their agreement.

The auditor found from the evidence of three persons that when that agreement of April 3, 1901, was executed the plaintiff desired to keep certain information from his wife and asked that the figures $5,500 be omitted from that agreement and $5,000 substituted.   There was sufficient evidence to sustain this finding and it should not be disturbed: Smith v. Harvey, 4 Pa. Superior Ct. 377; McGary v. McDermott, 207 Pa. 620; Henry v. Zurflieh, 203 Pa. 440.   We do not consider this question as being within the statute of frauds.   The material part of the agreement was in writing and the supplemental agreement affected only the consideration.   It was the subject of dispute as to the amount due, and as to that, the question of statute of frauds did not arise.   But apart from this, this question was not raised in the court below and should not be considered here: Leh v. Dutt, 66 Pa. Superior Ct. 171.

We have examined with care the appellant's exhibit No. 2, and we are at a loss to apply it in this case.   As a matter of evidence the auditor and court below did consider it in the final adjudication.   As we look over the exhibits that have been offered in evidence, we find a letter from Porter to John written in September, 1900, wherein he states the amount due as $5,628.34, and it also appears from exhibit No. 2 that at the same time John owed Porter $5,813.97.   We mention this merely as a circumstance in the case.   We find nothing to convict the court below of error in its determination of this question.

The explanation of counsel at the hearing before the auditor was sufficient to clear up any doubt that might have been created by reason of the amount fixed in the

affidavit of defense.   No effort was made on the part of the appellant to collect this judgment until 1908.   The facts were, to some extent, forgotten and the attorney frankly concedes his error in the preparation of the affidavit.

The assignments of error are overruled and the decree of the court below is affirmed.