Giles, Appellant, *v.* Vockel et al.

348

· Argued March 24, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Earl F. Reed,* of *Thorp, Bostwick, Stewart & Reed,* for appellant.—Appellees' liability was liquidated and there was no bona fide dispute and hence no accord and satisfaction: Barry v. Caplin, 73 Pa. Superior Ct. 487; Diller v. Brubaker, 52 Pa. 498; Martin v. Frantz, 127 Pa. 389.

The facts do not disclose an intention to effect an accord and satisfaction: Foye v. Coal & Coke Co., 251 Pa. 409; Lovekin v. Fairbanks, 282 Pa. 100; Russell v. Sickles, 306 Pa. 586; Dillon's Est., 269 Pa. 234.

*Humphrey Morris,* with him *Walter Goff,* for appellees.—The existence of a dispute, its reality and its good faith were questions of fact for the jury: Ransom v. Crawford, 44 Pa. Superior Ct. 592; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Osbourn v. Magee Carpet Co., 67 Pa. Superior Ct. 100; Pratt v. Pratt, 90 Pa. Superior Ct. 189.

Even where a claim is liquidated if a bona fide dispute subsequently arises between the debtor and the creditor as to the right of the creditor to receive pay-

ment, the claim becomes unliquidated and an accord and satisfaction may arise by payment of the smaller sum: Brockley v. Brockley, 122 Pa. 1; Zentmyer v. Zentmyer, 69 Pa. Superior Ct. 496; Barron v. Fox, 84 Pa. Superior Ct. 46.

OPINION BY MR. JUSTICE KEPHART, April 10, 1933:

Appellant and appellees were partners conducting a securities brokerage business under the firm name of S. M. Vockel & Co. Appellant determined to retire from the partnership, and his interest therein was fixed at $60,000. The remaining partners wrote him a letter on December 10, 1929, wherein they stated that his interest in the business as previously determined was $60,000, which they agreed therein to pay in installments: $30,000 on January 10, 1930; $15,000 on February 10, 1930, and $15,000 on March 10, 1930, with interest at 6% on delayed payments. This arrangement was accepted by appellant. On January 10, 1930, appellees paid appellant $37,483.38 by check. Accompanying the check was a letter stating: "Because of certain facts that have arisen since our previous letter, the enclosed check for Thirty-Seven Thousand Four Hundred Eighty-Three Dollars and Thirty-eight Cents ($37,483.38) is tendered in full and final payment, including interest to date at 6% per annum."

Upon receipt, appellant indorsed the check and received payment thereon. Thereafter he commenced this action to recover the difference ($22,516.22) with interest, between the amount of the check and $60,000, the amount originally agreed upon as the value of his partnership interest. The defense was that the payment to appellant constituted an accord and satisfaction. The jury returned a verdict for appellees which the court below refused to disturb. This appeal followed.

Appellant urges that there can be no accord and satisfaction where a liquidated debt is due, and consequently, where there is no bona fide dispute as to the amount of

the indebtedness. With this proposition we are in accord, but it does not conflict with the adjudication below. By the letter of December 10, 1929, a fixed sum was agreed to be paid appellant. Later, as appears from testimony concerning a conversation with appellant had by Bernard, one of appellees, and from other testimony concerning appellant's conduct in removing from appellees' office valuable records of listed customers, a part of appellees' assets, which it was charged appellant copied, and from the letter accompanying the check for $37,-483.38, a claim against appellant arose in appellees. This claim was then asserted, thus raising a dispute neither frivolous nor insubstantial. The amount then due between the parties was not certain nor fixed, assuredly. The fact that a claim is, at one time, liquidated does not preclude a bona fide dispute as to the amount due arising at a later time as the result of offsets accruing. The fixed amount may thereupon become most indefinite and uncertain by reason of the claimed deductions. A sum once liquidated is not thereafter and forever unassailable: Brockley v. Brockley, 122 Pa. 1; Zentmyer v. Zentmyer, 69 Pa. Superior Ct. 496; Barron Co. v. Fox & Co., 84 Pa. Superior Ct. 46; Nassoiy v. Tomlinson, 148 N. Y. 346; Tenner v. Merrill, 109 Mich. 52.

In this state of affairs the firm "tendered" appellant its check for $37,483.38, and stated in the letter of enclosure that this was "in full and final payment." The letter opened with the sentence:

"Enclosed please find statement of *your interest in our firm* taken from the books as of Dec. 31st, 1929."

The statement referred to computed the value of appellant's interest having in view this offset, and the letter enclosed a check for an amount they believed to be due, and asserted that the check was in full payment—full payment "of your interest in our firm," obviously.

Appellant states that there must be an intention not only on the part of the debtor, but on the part of the creditor, to compromise the dispute in order to effect an

accord and satisfaction. This court has consistently reiterated the principle: Foy v. Lilley Coal & Coke Co., 251 Pa. 409; Dimmick v. Banning, Cooper & Co., 256 Pa. 295; Dillon's Est., 269 Pa. 234; Lovekin v. Fairbanks, Morse & Co., 282 Pa. 100; Russell v. Sickles, 306 Pa. 586. The check was indorsed and the proceeds accepted by appellant. No other inference can be drawn from such acts than the inference of acceptance of appellees' expressed offer to settle all dispute as to the amount due appellant. Appellant, in view of the conversation had with Bernard and the plain language of this letter containing the check and statement, could not have misunderstood appellees' meaning. He had the alternative of rejecting the check, by returning it, thus denying the claim; or accepting it on the condition of the letter, thus affirming the existence of the claim. He accepted, and the law will hold him to his choice: Zentmyer v. Zentmyer, supra.

The above discussion disposes of the question as to the refusal of judgment non obstante veredicto. The decision on the motion for a new trial being within the discretion of the court below, we will not review it unless there has been an abuse of that discretion. There has been none in this case.

Judgment affirmed.