## SORBER v. ARUNDEL CORPORATION.

### No. 1740.

District Court, W. D. Pennsylvania.

Oct. 29, 1942.

Alter, Wright & Barron, of Pittsburgh, Pa., for plaintiff.

Uhl, Ealy & Uhl, of Somerset, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover a balance alleged to be due the plaintiff from the defendant for stone furnished by him to defendant in the construction of a tunnel. The action was heard by the Court, which makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. Plaintiff is a citizen of the Commonwealth of Pennsylvania, residing within the jurisdiction of this court. The defendant is a corporation and a citizen of the State of Maryland. The amount involved exceeds $3,000, exclusive of interest and costs.

2. Prior to May, 1940, the Pennsylvania Turnpike Commission entered into a written agreement with the Arundel Corporation, defendant, for the excavation of what is known as the Sideling Hill Tunnel, on the route of the Pennsylvania Turnpike and for placing throughout said tunnel as a roadway, a concrete pavement with a sub-base of crushed stone.

3. Under date of May 16th, 1940, the plaintiff, G. Stoy Sorber, and the defendant, the Arundel Corporation, entered into a written contract, wherein the plaintiff agreed to furnish crushed stone for use in the sub-base for the pavement in the Sideling Hill Tunnel, for which the defendant corporation agreed to pay to the plaintiff the sum of 85¢ per cubic yard of crushed stone, to be determined by truck measurement.

4. After operating under the aforesaid contract, plaintiff and defendant entered into the contract sued upon by the plaintiff, a copy of which is attached to his complaint and made a part hereof. The contract is dated May 16th, 1940, but was not actually made until May 21st or May 22nd, 1940. In this contract the method of determining the quantity of stone furnished by the plaintiff for the sub-base and to be paid for by the defendant was changed so that payment should be made at the rate of 85¢ per cubic yard, computed at the rate of ⅞ cubic yard per lineal foot of tunnel when the crushed stone was compacted in place and approved by the Pennsylvania Turnpike Commission.

5. The contract sued upon provides that the defendant shall finance the payrolls, Workmen's Compensation, insurance and other liabilities of the plaintiff, all of which were to be charged to the plaintiff and deducted from the final and only estimate, and that the plaintiff was to receive no payment until all material for the sub-base had been crushed and all deductions, made by the defendant for the account of the plaintiff, had been taken off.

6. On or about July 6, 1940, plaintiff and defendant entered into an oral agreement, whereby it was agreed that the payment provided for in the written contract on the basis of 85¢ per cubic yard of stone, computed at the rate of ⅞ cubic yard per lineal foot of tunnel as compacted in place would be paid on the basis of one cubic yard per lineal foot of 9 inches in depth or thickness as compacted in place. It was also agreed that defendant should be allowed 3 per cent. of the contract price for overhead charges incurred by the defendant in carrying the pay roll, Social Security, insurance, etc., for plaintiff.

7. After the plaintiff had completed his contract the defendant made its final and only estimate and submitted to the plaintiff an itemized account of all of the moneys advanced by it in behalf of the plaintiff, as provided for in the contracts, and accompanied said itemized statement with a check or voucher, payable to the said G. Stoy Sorber, the plaintiff, dated the 3rd day of September, 1940, and calling for the sum of $539.88. On said check or voucher was a statement showing the amount due the plaintiff in the amount of $6,894.73, less the debits charged against the account of

the plaintiff and advanced by the defendant in the amount of $6,354.85; also, the balance due the plaintiff in the amount of $539.88, being the amount of said check or voucher, and specifying that this was the first and final estimate. On the said check or voucher the following appears: "Received in full payment of account as stated within", with the admitted endorsement or signature of Stoy Sorber, the payee in said check.

8. Plaintiff accepted the final payment check from defendant in the sum of $539.88 by endorsing the same and receiving the money therein called for, on or about the 6th day of September, 1940. Plaintiff at no time made any objection to any item included in said final estimate until March or April of 1941, when a claim was made by plaintiff's attorney for payment of the service charge of $185.02. Plaintiff made no objection until July of 1941 that he had furnished more crushed stone than was shown on the first and final estimate.

9. Plaintiff and defendant, at the time of making the written contract sued upon by plaintiff, did not orally agree that the lineal foot of tunnel, as referred to in the said contract, meant lineal foot of 9 inches in depth or thickness compacted in place. It was not intended by the parties that the alleged oral agreement was intended to be incorporated in the written contract; neither was said oral agreement omitted from the written agreement by accident or mistake. and plaintiff did not enter into said written contract relying upon the alleged oral agreement aforesaid.

10. There is no evidence from which the Court can make a finding as to the actual amount of stone furnished by the plaintiff to the defendant.

### Conclusions of Law.

I. Plaintiff has failed to establish the alleged oral contract made at or before the written contract sued upon.

II. Plaintiff has been paid the full amount due him under the written contract sued upon and the oral contract made in July, 1940.

III. Judgment should be entered for the defendant, with costs.

### Opinion.

 Plaintiff in this action seeks to recover a balance alleged to be due him for crushed stone furnished by him to the defendant. His right to relief is based on an alleged oral contract made at or before the time of the written contract sued upon, dated May 16, 1940, whereby he was to be paid upon a different basis than that set forth in the written contract. The burden was upon the plaintiff to prove the alleged oral contract, that it was omitted from the written contract by accident or mistake, and that he would not have executed the written contract but for such accident or mistake. He failed to meet the burden placed upon him.

Plaintiff also claims that he has a right to recover for a 3 per cent. overhead charge deducted by the defendant, for the reason that such deduction is not provided for in the written contract. However, it appears from the evidence, and the Court has found as a fact, that plaintiff and defendant entered into an oral agreement in July, 1940, by which plaintiff was to be paid on a basis different than that specified in the contract for stone compacted in place; and also, that defendant was entitled to deduct a 3 per cent. overhead charge. It follows, therefore, under this finding, that plaintiff is not entitled to recover the amount of the overhead charge deducted. See Giles v. Vockel et al., 311 Pa. 347, 166 A. 849.

Under the foregoing findings of fact and conclusions of law, judgment should be entered for the defendant, with costs.