## ARTHUR K. TRASK *v.* DR. JAMES S. SHINN AND WAIMEA RANCH HOTEL, LIMITED.

### NO. 2996.

ARGUED FEBRUARY 8, 1956.          DECIDED MARCH 19, 1956.

TOWSE, C. J., STAINBACK AND RICE, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The defendant-appellant appeals from a judgment rendered against him in an action for assumpsit for the value of legal services rendered him by plaintiff-appellee.

The defendant, a doctor, had engaged plaintiff to defend him in a malpractice suit; subsequent to the termination of the trial of the case by nonsuit granted in the circuit court, plaintiff submitted to defendant a bill for services in the amount of $5,000.

After receiving the bill the defendant went to the plaintiff's office, as the plaintiff admitted, where there was an argument over this bill. Defendant claimed he had retained plaintiff for a $50 retainer fee with an agreement whereby the plaintiff was to handle the damage suit for a minimum of $250 or a maximum of $500 if it dragged out in court. Plaintiff claims there was no such agreement, in fact no agreement at all as to the amount of the bill. His books show $50 had been paid about the time he was retained.

After defendant visited plaintiff's office and the argument had ensued therein, plaintiff sent two letters to defendant; the first reduced his bill to $2,500, the second made a demand that the amount of $2,500 should be paid forthwith or suit would be instituted.

After receipt of this demand defendant forwarded to plaintiff a bank draft in the sum of $450 with the words "Paid in full" typed on it, accompanied by a letter stating: "I have paid you a retainer of $50.00 and am now enclosing you a check in the sum of $450.00 to represent the balance of fee due for your services."

The bank draft was received by plaintiff on May 8, 1948, and cashed on May 10; on May 11 plaintiff wrote the defendant a letter stating he was crediting defendant with the amount paid on account of his bill and that there would remain due and owing a balance of $4,500.

The original suit had been instituted in 1948 by a

collection agency but after the filing of the suit and four days prior to the trial in November, 1953, the collection agency had reassigned it to the plaintiff; an amendment was allowed, over the objection of the defendant, substituting the plaintiff for the collection agency.

Without at this time passing upon the technical question of permitting the substitution of the plaintiff as sole party in place of the collection agency, the previous assignee of the account from the plaintiff, we shall take up the second question of whether the evidence affirmatively established an accord and satisfaction as a defense.

The general rule is that the payment of a smaller sum in full discharge of an unliquidated or disputed claim is a good accord and satisfaction supported by sufficient consideration. (1 Am. Jur., *Accord and Satisfaction*, § 60.)

It is also well settled that the mere payment of a lesser sum fixed by the contract cannot be a satisfaction of the whole of a liquidated or undisputed claim even though it was agreed that such payment should satisfy the whole claim because there is the lack of consideration for the discharge of the whole. (1 Am. Jur., *Accord and Satisfaction*, § 39.)

"Where a creditor receives a check containing the words 'final settlement' or others of similar import, it is his duty to repudiate the offer and return the check or money remitted within a reasonable time after it is received if he does not care to receive it in full discharge of the indebtedness. The retention of a check for an unreasonable length of time without offering to return it has been held to constitute full satisfaction for the demand it purports to cover." (1 Am. Jur., *Accord and Satisfaction*, § 29.)

"Where a check is sent upon condition that it be accepted in full payment of a disputed claim, there is as

a general rule, but one of two courses open to the creditor, either to decline the offer and return the check or to accept it with the condition attached." (R. C. L., *Accord and Satisfaction,* § 32.)

"If he [the creditor] is not willing to accept the check in full payment it is his duty to return it without using it." (1 C. J., *Accord and Satisfaction,* § 85.)

The dictum in *Pinnel's Case* that the payment of a lesser sum cannot be any satisfaction of the whole but that the gift of a horse, hawk, robe, etc., in satisfaction is good, is confined strictly to the cases within it and has no application to the satisfaction of an unliquidated claim. The authorities to this effect are legion.

As stated by the United States Supreme Court in the case of *Chicago, Milwaukee, & St. P. R. Co.* v. *Clark,* 178 U. S. 353, 365, in discussing the principle that the payment of a lesser sum cannot effect a satisfaction of a claim or demand for a larger sum and stating that this rule had been much questioned and qualified, continued: "The result of the modern cases is that the rule only applies when the larger sum is liquidated, and when there is no consideration whatever for the surrender of part of it; and while the general rule must be regarded as well settled, *it is considered so far with disfavor as to be confined strictly to cases within it,"* i.e., liquidated claims. (Emphasis added.)

To discuss merely some of the numerous cases holding the general rule that payment of a smaller sum in full discharge of an unliquidated or disputed claim is a good accord and satisfaction:

In *Hettrick Mfg. Co.* v. *Barish,* 199 N. Y. Supp. 755, holding that the rule in *Pinnel's Case* did not apply to satisfaction of an unliquidated claim, there is a learned discussion of *Pinnel's Case* and the authorities dealing with it. The article by Dean Ames in 12 Harvard Law

Review 515 is quoted showing that the rule in *Pinnel's Case* did not involve the doctrine of consideration but was simply a survival of the formal logic of the medieval lawyers, that the case turned entirely upon the pleadings. In this case Pinnel sued the defendant in debt. Defendant pleaded that at the instance of Pinnel he, Pinnel, accepted 5 pounds 2 shillings and 2 pence in full satisfaction of an 8 pound 10 shilling debt. The case held the payment of the lesser sum on the day of maturity in satisfaction of the greater sum cannot be any satisfaction of the whole debt, but that the gift of the horse, etc., would be good. In the case the plaintiff had judgment for the insufficient pleading for the defendant did not plead that he had paid the five-odd pounds in full satisfaction but that the *plaintiff accepted it* in full satisfaction "And always *the manner of the tender and of the payment shall be directed by him who maketh the tender or payment, and not by him who accepteth it.*" (Emphasis added.) Under modern pleading this would be merely the difference between Tweedledum and Tweedledee. Ames also points out there were early English decisions that were contrary to the theory that by paying a lesser amount a debtor could not discharge a greater. The article cites and quotes from a number of such decisions, for example: *Bagge* v. *Slade,* 3 Bulst. 162, and *Rawlins* v. *Lockey,* 1 Vin. Ab. 308, are cases where payment of part of what was due was adjudged a sufficient consideration to support a promise to give up the obligation. As put by Coke: "For though legally, after the obligation is forfeited, 30 pounds can be no satisfaction for 60 pounds, yet *to have the money in his hands without suit is a good consideration to maintain this action upon the promise* [not to sue]." (Emphasis added.)

A very able discussion occurs also in 17 Harvard Law Review 459 by Professor Williston in which he points out that though the defense of accord and satisfaction was

recognized long before the doctrine of consideration for a contract was developed, requirements for a legally effective satisfaction became confused with the requirements for a consideration for the promise on contracts. On pages 469, 470 he gives the case, as in the situation before us, where a debtor sends to a creditor whose claim is unliquidated or disputed a check with a letter stating the check is in full satisfaction of the claim. The creditor takes the check and cashes it but immediately writes a letter stating he refuses to accept the check as full satisfaction but will apply it to a reduction of the indebtedness. "Upon these facts the English Court of Appeal held that there was no satisfaction of the cause of action [*Day* v. *McLea,* 22 Q. B. D. 610], and a few jurisdictions in the United States have made the same ruling. [Citing several cases which can be distinguished as involving separate claims.] *But the great weight of authority in the United States is to the contrary* [citing numerous cases from many jurisdictions]. It is said that *the acceptance of the check necessarily involves an acceptance of the condition upon which it was tendered."* (Emphasis added.)

In *Fuller* v. *Kemp,* 138 N. Y. 231, 33 N. E. 1034, where the facts are on all fours with the instant case, the syllabus states: "When a debtor offers a certain sum of money in full satisfaction of an unliquidated demand, and the creditor accepts and retains the money, his claim is canceled, and no protest, declaration or denial on his part, so long as the condition is insisted upon by the debtor, can vary the result." In this case the plaintiff, a physician, rendered certain professional services to defendant and sent him a bill for $670. Defendant, on receipt of the bill, sent a letter, not disputing the services but questioning the fairness of the charges, and enclosed a check for $400 which he stated was in full satisfaction of plaintiff's claim. Plaintiff collected the check and sent a bill charging the

same amount as before and credited the $400. It was held as *a matter of law* that there was an accord and satisfaction of the plaintiff's claim and no recovery could be had by the plaintiff. The case contains a full citation of authorities as of that date. It points out that the original contract which the law implied was an agreement on the part of the defendant to pay plaintiff what his services were reasonably worth, that a further agreement must be reached by the parties fixing the value of his services or else resort must be had to judicial determination of such value; when the defendant sent plaintiff a check and his letter, "upon the receipt of this letter the plaintiff had but a single alternative presented for his action — the prompt restoration of the money to his debtor or the complete extinguishment of the debt by its retention. The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction. Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of his act."

The case of *Nassoiy* v. *Tomlinson,* 148 N. Y. 326, 330, 331, 42 N. E. 715, held that if a demand is unliquidated, the acceptance of a part of the amount claimed with an agreement to cancel the entire debt furnishes a new consideration found in the compromise which will support an accord and satisfaction; further, that a demand is not liquidated even if it appears that something is due unless it appears *how much* is due. This case held that if, when the amount of an indebtedness is in dispute, the debtor sends the creditor a check for the sum conceded by the debtor to be due with an unsigned receipt in full and a letter requesting the signing and return of the voucher,

the offer of payment is to be deemed made upon the condition of its acceptance and satisfaction of a debt; and if the creditor endorses and collects the check, such an acceptance of the check imports an election to be bound by the condition on which it was offered and constitutes an accord and satisfaction and will not be affected by the creditor's subsequently sending the debtor a receipt "on account." In this case, where there was a dispute as to the amount of commission to be received for selling certain real estate, the plaintiff claiming five per cent of the sale or $1500, and defendant admitting one per cent or $300, and made a check for the latter amount with a letter to sign and return the enclosed voucher, the court submitted to the jury (1) whether there was an agreement to pay plaintiff at the rate of five per cent or (2) whether plaintiff agreed to accept the $300 in place of his five per cent commission. The jury rendered a verdict in favor of the plaintiff for $1,200. This was reversed on the ground that the undisputed evidence so conclusively established an accord and satisfaction as to *leave no question of fact for the jury upon the subject.* The court, after stating the claims of the respective parties, said : "The verdict of the jury upon this issue neither removed from the case the fact that a dispute had existed, nor affected its force, as otherwise the compromise of a disputed claim could never be made the basis of a valid settlement. We come, therefore, to the question whether there was an acceptance by the plaintiff of an offer by the defendants to pay the sum they conceded to be due in full satisfaction of the sum he claimed to be due. In order to determine this question, the letter * * * with the check and receipt inclosed therewith should be construed together, so as to see whether the offer was made upon a specified condition. * * * We think that the undisputed evidence shows conclusively that *the offer was made in settlement of the claim* and that the plaintiff so under-

stood it, when, *by using the check he accepted the offer.*" (Emphasis added.)

This case was quoted with approval in *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.,* 216 Mass. 204, 206, 103 N. E. 695, the court stating: " 'The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition, for if he accepted at all, it was *cum onere.* When he endorsed and collected the check, referred to in the letter asking him to sign the enclosed receipt in full, it was the same, in legal effect, as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered.' And to that effect is the weight of authority. [Citing cases.]"

In discussing the two forms of accord and satisfaction of unliquidated claims, Mr. Justice Cardozo in *Hudson* v. *Yonkers Fruit Co., Inc.,* 258 N. Y. 168, 179 N. E. 373, said: "One is where there is a true assent to the acceptance of a payment in compromise of a dispute, or in extinguishment of a liability uncertain in amount. [Citing authorities.]

"The other is where the tender of the payment has been coupled with a condition whereby use of the money will be wrongful if the condition is ignored. Protest will then be unavailing if the money is retained. What is said is overridden by what is done, and assent is imputed as an inference of law. [Citing 3 Williston on *Contracts,* §§ 1855, 1856; Restatement, *Contracts* (Tent. Draft No. 9) 338-A.]

"* * * *A debtor paying his own money may couple the payment with such conditions as he pleases.* [Citing *Nassoiy* v. *Tomlinson.*] *The mere fact that he is a debtor does not deprive him of that privilege.* If he has title to the money, he may pick and choose among his creditors, or,

refusing to pay any one until coerced by legal process, may keep the money for himself. From this the rule has grown up in connection with the satisfaction of unliquidated demands that one who sends a check to another upon a condition explicitly declared, that the demand shall be extinguished or the check sent back unused, may hold the creditor to the condition, however embarrassing the choice. * * * 'Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment, and not by him that accepteth it.' Pinnel's Case, 5 Coke, 117, quoted in Nassoiy v. Tomlinson, supra. The use of the check in violation of the condition would be an act of conversion. What is said or written by the creditor may be a refusal to assent. The law imputes to him an assent on the basis of his acts." (Emphasis added.)

In *Canton Coal Co.* v. *Parlin & Orendorff*, 215 Ill. 244, 74 N. E. 143, 145, 106 Am. St. Rep. 162, the court said: "If the plaintiff was not willing to accept the check as sent in full of the account and acknowledge receipt of it as requested, it ought to have returned it. The rule that required it to do so is neither harsh or unjust, but it secured to the defendant the right to have its check received as offered, if received at all unless there was a subsequent waiver of that condition."

In *Giles* v. *Vockel et al.*, 311 Pa. 347, 166 Atl. 849, the language was "He had the alternative of rejecting the check by returning it, thus denying the claim, or accepting it on the conditions of the letter."

In *Barham* v. *Bank of Delight*, 94 Ark. 158, 126 S. W. 394, 27 L. R. A. (N. S.) 439, the court used this language: "If the offer of payment was made upon condition, and the plaintiff so understood it, there was but one of two courses open to them, either to decline the offer and return the check, or to accept it with the condition attached."

This language was used in *Sears Grain & Hay Co.* v.

*Conger,* 83 Ohio St. 169, 93 N. E. 892, 32 L. R. A. (N. S.) 380, "The plaintiff had only one alternative, to accept the check as payment in full or to return it."

In *Curran* v. *Bray Wood Heel Co., Inc.,* 116 Vt. 21 (1949), parts of the syllabus read:

"If one who has a disputed claim against another accepts and retains a less amount than he claims is due which is offered by the other in full settlement of such claim, it operates as an accord and satisfaction of such claim, and controversy respecting it is ended.

"To constitute an accord and satisfaction the offer must be such that if the creditor accepts it he is bound to understand that he takes it in full settlement."

On pages 24 and 25 of *Curran* v. *Bray Wood Heel Co., Inc., supra,* it is stated: "It is our well settled rule that, if one who has a disputed claim against another accepts and retains a less amount than he claims is due which is offered by the other in full settlement of such claim it operates as an accord and satisfaction of such claim, and further controversy respecting it is ended. [Citing cases.]

"Here the amount was in dispute; the sum offered was less than that claimed; it was offered in full and final settlement according to the notation on the check and the letter accompanying it."

Plaintiff-appellee further claims there can be no accord and satisfaction where the defendant paid an amount admittedly due. One answer is that the parties never agreed that any specific amount was due. Defendant did not admit a specific amount due but claimed he owed *no more* than $500. However, the great weight of authority is that if the debtor tenders payment of an exact amount he has admitted to be due, making claim that he offers it as satisfaction in full of the creditor's claim, the acceptance of the tendered payment operates as accord and satisfaction of the whole. (6 Corbin, *Contracts,* § 1290, p.

132, citing numerous authorities from a number of jurisdictions.)

The cases holding to the contrary are usually distinguishable on the fact that more than *one* claim is involved and the amount admittedly due is *separate and distinct* from the other claim or the transaction is between principal and agent where the title to the money remitted is never in the agent.

For example, the case of *Manse* v. *Hossington*, 205 N. Y. 33, 98 N. E. 203, where a contract of employment was entirely independent of a different claim, the payment of an admittedly due liability is not a payment of or consideration for an alleged accord and satisfaction of another and independent alleged liability.

*Whittaker Chain Tread Co.* v. *Standard Auto Supply Co., supra,* where plaintiff sold and delivered goods and defendant undertook to return a part of the goods sold and the plaintiff refused to accept the same, defendant's check for the part he retained was not an accord and satisfaction. The case is decided on the rationale that when defendant bought goods of plaintiff at a definite price, the debt was liquidated and therefore payment of a part would not act as discharge by way of accord and satisfaction. This case quotes with approval *Nassoiy* v. *Tomlinson, supra.*

*Ashton* v. *Skeen*, 85 Utah 489, 39 P. (2d) 1073, cited by plaintiff, involves an attorney who accepts money for his principal and the case included the fiduciary duty of an attorney — the money belonged to the client and not the attorney. This relationship of agent and principal is also involved in *Hudson* v. *Yonkers Fruit Co., Inc.,* which has been referred to hereinbefore.

There are a number of cases such as *Hudson* v. *Yonkers Fruit Co., Inc.,* involving a principal's acceptance of a remittance from an agent, which hold that such acceptance is not an accord and satisfaction. See note in 80 A.

L. R. 1056. The following is a statement in the note citing numerous authorities: "It is a general rule that, where an agent, having money belonging to his principal, pays over a part of it concededly due and retains the balance, claiming a right to do so, the principal's acceptance and retention of the amount paid does not constitute an accord and satisfaction precluding a recovery of the balance by the principal."

The reason for such distinction is quite clear for though "A debtor paying his own money may couple the payment with such conditions as he pleases. * * * The mere fact that he is a debtor does not deprive him of that privilege" (*Hudson* v. *Yonkers Fruit Co., Inc., supra*), but the money of an agent does not belong to him but to the principal, and he may not couple the payment with such condition as he pleases; in fact, his failure to pay would be wrongful and so an attorney collecting money for a client the *title* is in the client and the weight of authority is that he may not couple payment over such moneys with conditions as he sees fit as may an ordinary debtor when no fiduciary relationship exists.

Other cases are claims of setoff or counterclaim but even in such cases the overwhelming weight of authority holds that "an undisputed claim due a creditor is rendered unliquidated by the assertion by the debtor of a disputed counter-claim or set-off, and that an accord and satisfaction may, therefore, result from the payment of a less sum than the creditor's claim or even a sum not in excess of the balance concededly due." (53 A. L. R. 768, citing numerous cases.) The offsets apparently must arise out of the transaction upon which the primary obligation was based.

With the exception of the English cases as exemplified by *Day* v. *McLea, supra,* the authorities are practically unanimous that where the amount due is unliquidated or disputed and consists of a single claim, the remittance of

an amount less than that claimed sent to the creditor together with a statement that it is in full satisfaction of the claim, the retention and cashing of such check constitutes an accord and satisfaction as a matter of law as the creditor's acts govern regardless of the protests he may make at the time or subsequent thereto and regardless of the fact that the check represents an amount that the debtor admits is due.

In addition to the authorities cited, Restatement, *Contracts,* section 420, page 791, states that the effect of the creditor's assent to receive *what the debtor offers* in satisfaction of a pre-existing contract duty is not prevented from operating as a satisfaction by the creditor's manifested refusal so to regard it.

There are annotations in 75 American Law Reports 905 and in 112 American Law Reports 1219, particularly at page 1225 where the transaction relates to single claims.

Obviously, in the present case the claim for services is not a liquidated demand. A claim is not liquidated even if it appears that something is due unless it appears how much is due. Where there is a dispute as to the proper amount, the demand is regarded as unliquidated within the meaning of the term as applied to the subject of accord and satisfaction.

In this connection, the court was in error in not admitting into evidence the two letters of the plaintiff regarding his claim for services. These letters show beyond any question that the claim was not a liquidated one and that there was a dispute over the amount due plaintiff, so that taken with the cashing of the check by plaintiff with knowledge of the receipt thereon would show conclusively as a matter of law that there was an accord and satisfaction; the fact that the letters may have contained an offer of compromise does not render them inadmissible if com-

petent evidence for other purposes. (20 Am. Jur., *Evidence,* § 566.)

The final question raised by defendant-appellant was that the substitution of plaintiff for his prior assignee and present assignor was error.

Section 10079, Revised Laws of Hawaii 1945, provides: "Whenever a plaintiff in an action shall have mistaken the form of action suited to his claim, the court or judge, on motion, shall permit amendments to be made on such terms as it or he shall adjudge reasonable; and the court or judge may, in furtherance of justice and on the like terms, at the trial or on appeal, or at any other stage, before or after judgment, allow any petition or pleading or process or proceeding to be amended by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or the proceedings to the facts proved."

As interpreted by this court in *Campbell* v. *Steiner,* 20 Haw. 364, this statute "* * * does not permit the substitution of a new party in the place of a sole party plaintiff or defendant."

However, the plaintiff claims there was no prejudice to defendant in allowing the substitution for the real party in interest and that this court may substitute parties under rule 25 (c) of the Rules of Civil Procedure. It may be noted though that this action was tried prior to June 14, 1954, the effective date of the Hawaii Rules of Civil Procedure. These rules apply to actions and proceedings brought after that date and further proceedings in actions then pending. The substitution proceedings were prior to the date of the rules.

However, it is not necessary to pass upon the validity

of this substitution of parties inasmuch as the case must be reversed and final disposition made because of the reason that where a check is sent in full payment of a disputed claim there is but one of two courses open to the creditor: either to decline the offer and return the check, or accept it with the condition attached, as a debtor paying his own money may couple the payment with such condition as he pleases; the mere fact that he is a debtor does not deprive him of that privilege. (*Hudson* v. *Yonkers Fruit Co., Inc., supra.*) The exception to this rule is where the transaction is between principal and agent and the title to the money remitted is never in the agent.

Reversed.

*Daniel G. Ridley* (also on the briefs) for appellant.

*Richard D. Welsh* (*John F. Alexander* with him on the brief) for appellee.